# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

TACO, INC.,

Plaintiff,

v.

FEDERAL INSURANCE COMPANY,

Defendant.

CA 07 027 S

C.A. No.

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Taco, Inc. ("Taco" or "Plaintiff"), by its undersigned attorneys, for its Complaint against Defendant Federal Insurance Company alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action against Defendant Federal Insurance Company ("Federal" or "Defendant") for breach of its coverage obligations under a Commercial Liability Policy (the "Policy") and a Commercial Excess And Umbrella Liability Insurance Policy (the "Excess Policy" and, along with the Policy, the "Policies") issued by Defendant. Taco is a named defendant in a lawsuit, described more fully herein, which makes various allegations of product design and/or manufacturing defects giving rise to potential civil liability on the part of Plaintiff.

2. The issuer of the Policies, Federal, has denied its obligation to defend and indemnify Taco against the lawsuit.

3. As such, Plaintiff seeks damages for breach of contract, and a declaration from this Court as to the rights, duties and responsibilities of the parties under the Policies.

## PARTIES

4. Plaintiff is a Rhode Island corporation with its principal place of business in Cranston, Rhode Island.

5. Plaintiff develops and manufactures hydronic-based components, including pumps, for use in heating and cooling applications.

6. Plaintiff is informed and believes that Defendant is an insurance company organized under the laws of the State of Indiana, with its principal place of business in Indianapolis, Indiana. At all times pertinent, Defendant was, and is, licensed to do business, and was, and is, doing and transacting business in this Judicial District.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the claims and causes of action asserted herein by virtue of at least the following:

(a) Pursuant to 28 U.S.C. § 1332, this action is properly brought in the United States District Court for the District of Rhode Island under diversity jurisdiction.

(b) All parties to this action are citizens or business entities of different states.

(c) The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8. This Court is the proper venue for the adjudication of the claims and causes of action asserted herein by virtue of at least the following:

(a) Pursuant to 28 U.S.C. § 1391(a), this action is properly brought in the venue of the United States District Court for the District of Rhode Island.

(b) Pursuant to 28 U.S.C. § 1391(a)(2), the District of Rhode Island is the Judicial District in which a substantial part of the events or omissions giving rise

to the claim have occurred in that, on information and belief, the subject insurance Policies were delivered to Plaintiff's independent broker in Rhode Island.

(c) Pursuant to 28 U.S.C. § 1391(a)(3), Defendant is subject to personal jurisdiction within the District of Rhode Island at the commencement of this action.

(d) Defendant does business and therefore resides in this Judicial District for venue purposes. Venue is proper under 28 U.S.C. § 1391(a) and (c).

## THE POLICIES

9. On or before, and effective from June 1, 2006, Federal sold to Plaintiff, for substantial premiums, the Policy, policy no. 7317-97-52, which covers the period June 1, 2006 to June 1, 2007. A true and correct copy of the Policy is attached hereto as Exhibit A. The terms of the Policy are incorporated herein.

10. Pursuant to the Policy the insurer "will pay damages that the **insured** becomes legally obligated to pay by reason of liability . . . **for bodily injury** . . . caused by an **occurrence** to which this coverage applies." In addition, the products-completed operations hazard "includes all **bodily injury** and **property damage** taking place away from premises owned or occupied by or loaned or rented to you and arising out of **your product** or **your work**, except: 1. products that are still in your physical possession; or 2. work that has not yet been completed or abandoned."

11. The Policy provides that the insurer "will have the right and duty to defend the **insured** against a **suit** even if such **suit** is false, fraudulent or groundless."

12. On or before, and effective from June 1, 2006, Federal sold to Plaintiff, for substantial premiums, the Excess Policy, policy no. 7968-72-08, which covers the period June 1,

2006 to June 1, 2007. A true and correct copy of the Excess Policy is attached hereto as Exhibit B. The terms of the Excess Policy are incorporated herein.

13. The Excess Policy provides follow-form coverage and also provides the insurer "will pay, on behalf of the **insured,** loss by reason of liability; imposed by law . . . **for bodily injury** . . . caused by an **occurrence,** to which this coverage applies.

14. The Excess Policy defines **"loss"** as "damages that the **insured** becomes legally obligated to pay because of injury or damage."

15. The Excess Policy provides that the insurer "will have the right and duty to defend the **insured** . . . against a **suit** to which coverage applies even is such suit is false, fraudulent or groundless."

16. Pursuant to both Policies, Taco, Inc. is an **insured.**

17. Pursuant to the Policy and the Excess Policy, **bodily injury** includes "injury, sickness, or disease sustained by a person and, if arising out of the foregoing, mental anguish, mental injury, shock, humiliation or death at anytime" and an **occurrence** "means an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

18. Both Policies define **suit** to mean "a civil proceeding in which damages to which this insurance applies, are sought."

19. Taco has complied with all terms and conditions precedent of the Policies. All premiums due under the Policies have been paid. Taco is, therefore, entitled to the benefits of the insurance provided by the Policies.

**THE COVERED LAWSUIT**

20. Certain individuals (the "Texas Plaintiffs") have commenced a lawsuit against Taco captioned as *Alfred Evans, et al. v. Griffin & Company, et al.* pending in the 57th Judicial District Court of Bexar County, Texas (the "Lawsuit").

21. The claims asserted by the Texas Plaintiffs in the Lawsuit arise from injuries or death to the Texas Plaintiffs or their family members caused by Legionnaire's Disease contracted at the North Central Baptist Hospital located in San Antonio, Texas. The Texas Plaintiffs allege that there was "a disruption of the building water system" that resulted from a construction project. The Texas Plaintiffs further allege that the water system at North Central Baptist Hospital failed to deliver water at temperatures sufficient to kill the bacterium that causes Legionnaire's Disease

22. Taco is a named defendant in the action because pumps installed at the North Central Baptist Hospital were allegedly manufactured by Taco. With respect to the Taco pumps specifically, the Complaint alleges: "[a]n investigation and evaluation of the pumps determined that neither pump was working." The Complaint further states: "For reasons that are as yet not clear, both pumps failed to function." The Complaint attributes such failure to a design and/or manufacturing defect, stating: "Further, the pump manufactured by the Defendant, TACO, INC. failed due to a design defect in the pump itself. Further, the pump manufactured by the Defendant, TACO, INC. failed due to a manufacturing defect in the pump."

23. The allegations asserted against Taco in the Lawsuit, the damages sought therein, and the sums expended to defend against liability therein are covered by the Policies and are not subject to any exclusions in the Policies.

24. Defendant is obligated under the terms of the Policy to pay the costs of Taco's defense and its full legal liabilities, including all sums spent or that will be spent in settlement or as a result of judgment in connection with the Lawsuit up to the limits of the Policies.

25. Taco reasonably expected the Policies to protect it against the claims in the Lawsuit and reasonably relied on the Policies for such protection.

## INSURANCE COVERAGE CONTROVERSY

26. Taco timely notified Defendant of the Lawsuit, and complied with all conditions precedent in the Policy and the Excess Policy or was otherwise excused from doing so.

27. Taco has demanded that Defendant acknowledge that the Policies obligate Defendant (a) to defend Taco in connection with the Lawsuit; and (b) to indemnify Taco in full for all legal liabilities, including all sums that may be spent in settlement and as a result of judgment in connection with the Lawsuit.

28. Instead of properly acknowledging its coverage obligations under the Policy, Defendant has wrongfully and without basis failed to make such acknowledgement and has wrongfully and without basis failed to defend Taco in the Lawsuit.

29. Defendant's actions are wrongful and without basis. An actual and justiciable controversy now exists between Plaintiff and Defendant that should be decided now and forthwith, in this judicial action.

## COUNT I
## BREACH OF CONTRACT

30. Plaintiff repeats and realleges the allegations of paragraphs 1 through 29 as if more fully set forth herein.

31. The Policies were purchased in good faith and for valuable consideration to provide insurance coverage for cases such as the Lawsuit. Plaintiff has complied with all terms and conditions precedent of the Policies.

32. Defendant is obligated to fully defend and/or to advance in full the costs of Plaintiff's defense incurred in connection with the Lawsuit.

33. Defendants have repudiated, failed to honor, and refused to accept and likely will in the future, continue to repudiate, fail to honor, and refuse to accept the complete obligation of defending Plaintiff in connection with the Lawsuit.

34. As a result of Defendant's breach, Plaintiff has suffered and likely will continue to suffer damages. Plaintiff is entitled to payment under the terms of the Policies.

**COUNT II**
**DECLARATORY JUDGMENT REGARDING OBLIGATION TO PROVIDE COVERAGE UNDER THE POLICIES**

35. Plaintiff repeats and realleges the allegations of paragraphs 1 through 34 as if more fully set forth herein.

36. This claim is brought pursuant to 28 U.S.C. § 2201, which confers authority to the Federal Courts for the determination of an insured's rights by the interpretation of the terms and requirements of an insurance policy.

37. The Policies were purchased in good faith and for valuable consideration to provide insurance coverage for cases such as the Lawsuit.

38. Defendant is obligated, under the terms of Policies, to fully defend Plaintiff and pay in full the costs of Plaintiff's defense or advance same, in connection with the Lawsuit.

39. Defendant is obligated, under the terms of the Policies to indemnify Plaintiff in full for all legal liabilities incurred, including liability for all sums spent in settlement and/or as a result of judgments, in connection with the Lawsuit.

40. Defendant has refused, without good or sufficient cause, to acknowledge its obligation under the Policies and has further refused to defend Plaintiff in connection with the lawsuit. Defendant's conduct is continuing, and likely will continue.

41. By reason of the foregoing, an actual and justiciable controversy presently exists between Plaintiff and Defendant concerning the Defendant's right, if any, to avoid its contractual obligations under the Policy. The controversy is of sufficient immediacy to justify the issuance of a declaratory judgment.

42. Plaintiff has no adequate remedy at law, and is entitled to invoke the equity powers of this Court to grant the relief requested hereinafter set forth.

**COUNT III**
**DECLARATORY JUDGMENT REGARDING DUTY TO DEFEND UNDER THE POLICIES**

43. Plaintiff repeats and realleges the allegations of paragraphs 1 through 42 as if more fully set forth herein.

44. This claim is brought pursuant to 28 U.S.C. § 2201, which confers authority to the Federal Courts for the determination of an insured's rights by the interpretation of the terms and requirements of an insurance policy.

45. The Policies were purchased in good faith and for valuable consideration to provide insurance coverage for cases such as the Lawsuit.

46. Defendant is obligated, to fully defend and/or to advance in full the costs of Plaintiff's defense incurred in connection with the Lawsuit.

47. Defendants have repudiated, failed to honor, and refused to accept and likely will in the future, continue to repudiate, fail to honor, and refuse to accept the complete obligation of defending Plaintiff in connection with the Lawsuit. Defendant's conduct is continuing, and likely will continue.

48. By reason of the foregoing, an actual and justiciable controversy presently exists between Plaintiff and Defendant concerning Defendant's obligation to fully defend and pay in full by advancement or otherwise, the costs of Plaintiff's defense incurred in connection with the Lawsuit. The controversy is of sufficient immediacy to justify the issuance of a declaratory judgment.

49. Plaintiff has no adequate remedy at law, and is entitled to invoke the equity powers of this Court to grant the relief requested hereinafter set forth.

## COUNT IV
## DECLARATORY JUDGMENT REGARDING DUTY TO INDEMNIFY UNDER THE POLICIES

50. Plaintiff repeats and realleges the allegations of paragraph 1 through 49 as if more fully set forth herein.

51. This claim is brought pursuant to 28 U.S.C. § 2201, which confers authority to the Federal Courts for the determination of an insured's rights by the interpretation of the terms and requirements of an insurance policy.

52. Defendant is obligated, under the terms of the Policies, to indemnify Plaintiff in full for all legal liabilities incurred, including liability for all sums spent in any reasonable settlement and/or as a result of judgment, in connection with the Lawsuit.

53. Defendant has failed and refused to honor and likely will in the future continue to fail and refuse to honor its obligation to indemnify Plaintiff in full for all legal liability it incurs, including liability for all sums spent in settlement and/or as a result of judgments in connection with the Lawsuit.

54. By reason of the foregoing, an actual and justiciable controversy presently exists between Plaintiff and Defendant concerning Defendant's obligation to indemnify Plaintiff in full for all legal liabilities incurred, including liability for all sums spent in settlement and/or as a result of judgment, in connection with the Lawsuit. The controversy is of sufficient immediacy to justify the issuance of a declaratory judgment.

55. Plaintiff has no adequate remedy at law, and is entitled to invoke the equity powers of this Court to grant the relief requested hereinafter set forth.

WHEREFORE, Plaintiff requests this Court to enter judgment with respect to the subject Policies and Plaintiff's respective rights in connection with these policies and under the law:

A. With respect to Count I:

(i) Damages arising from Defendant's breach of its duty to defend Plaintiff from the Lawsuit, in an amount to be determined at trial.

B. With respect to Count II:

(ii) A declaration that Defendant is precluded from rescinding the Policies and must comply with all terms and conditions of the Policies;

(iii) All such other necessary supplemental relief to enforce the declaratory judgment.

C. With respect to Count III:

(i) A declaration that Defendant is obligated under the terms and conditions of the Policies to fully defend and pay in full the costs associated with the Lawsuit and *pendente lite,* and/or advance the costs of Plaintiff's defense incurred in connection with the Lawsuit;

(ii) All such other necessary supplemental relief to enforce the declaratory judgment.

D. With respect to Count IV:

(i) A declaration that Defendant is obligated under the terms and conditions of the Policies to pay and indemnify, in full, the legal liability of Plaintiff, including all sums spent in settlement and as a result of any and all judgments, in connection with the Lawsuit;

(ii) All such other necessary supplemental relief to enforce the declaratory judgment.

E. With respect to all claims, that Plaintiff is entitled to ancillary relief including:

(i) Plaintiff's costs of suit and attorneys fees incurred herein and *pendente lite*, advancements of costs made by, or which Plaintiff is obligated to pay;

(ii) Interest according to law;

(iii) Excess amounts over and above determined coverage amounts reflected by judgment(s) of any Court of competent jurisdiction against Plaintiff for covered matters; and

(iv) Such other, further, and/or different relief as may be just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

TACO, INC.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Robert K. Taylor

Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
rkt@psh.com

DATED: January 22, 2007

Of Counsel:

Edward P. Gilbert, Esq.
MORRISON COHEN LLP
909 Third Avenue
New York, NY 10022
(212) 735-8600
(212) 735-8708 FAX
egilbert@morrisoncohen.com

896882_2