UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TACO, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | C.A. No. 07-027-S |
| FEDERAL INSURANCE COMPANY | : | |
| | : | |
| Defendants. | : | |

**ANSWER**

Defendant Federal Insurance Company ("Federal"), by its undersigned attorneys, hereby responds to the Complaint filed against it by Taco, Inc. ("Taco").

**Introduction**

1. The statements in the first paragraph of the Complaint constitute a description of the action as to which no response is required.

2. With respect to the allegations in the second paragraph of the Complaint, Federal denies that it has any duty to defend or indemnify Taco. Federal admits that it has denied Taco's request to defend and indemnify.

3. The statements in the third paragraph of the Complaint constitute a description of the action as to which no response is required.

**Parties**

4. Federal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. Federal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6. Federal admits the allegations in paragraph 6 of the Complaint.

**Jurisdiction And Venue**

7. With regard to the allegations in paragraph 7 of the Complaint, Federal admits only that this Court has subject-matter jurisdiction over this action.

8. With regard to the allegations in paragraph 8 of the Complaint, Federal admits only that this Court is a proper venue for this action.

**The Policies**

9. With regard to the allegations in paragraph 9 of the Complaint, Federal admits only that it sold the referenced Policy to Taco. The remaining allegations in this paragraph are denied.

10. Federal denies the allegations in paragraph 10 of the Complaint as stated and refers Taco to the referenced Policy for its full and exact terms.

11. Federal denies the allegations in paragraph 11 of the Complaint as stated and refers Taco to the referenced Policy for its full and exact terms.

12. With regard to the allegations in paragraph 12 of the Complaint, Federal admits only that it sold the referenced Excess Policy to Taco. The remaining allegations in this paragraph are denied.

13. Federal denies the allegations in paragraph 13 of the Complaint as stated and refers Taco to the referenced Excess Policy for its full and exact terms.

14. Federal denies the allegations in paragraph 14 of the Complaint as stated and refers Taco to the referenced Excess Policy for its full and exact terms.

15. Federal denies the allegations in paragraph 15 of the Complaint as stated and refers Taco to the referenced Excess Policy for its full and exact terms.

16. Federal admits the allegations in paragraph 16 of the Complaint.

17. Federal denies the allegations in paragraph 17 of the Complaint as stated and refers Taco to the referenced Excess Policy for its full and exact terms.

18. Federal denies the allegations in paragraph 18 of the Complaint as stated and refers Taco to the referenced Excess Policy for its full and exact terms.

19. Federal admits the allegations in the first two sentences of paragraph 19 of the Complaint. The allegations in the third sentence are denied.

**The Covered Lawsuit**

20. Federal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. Federal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. Federal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 22 of the Complaint. Federal denies the remaining allegations in this paragraph as stated and refers Taco to the referenced Complaint for its full and exact terms.

23. Federal denies the allegations in paragraph 23 of the Complaint.

24. Federal denies the allegations in paragraph 24 of the Complaint.

25. Federal denies the allegations in paragraph 25 of the Complaint.

**"Insurance Coverage Controversy"**

26. With regard to the allegations in paragraph 26 of the Complaint, Federal admits only that Taco made it aware of the Lawsuit at some point in mid-2006. The remaining allegations this paragraph are denied.

27. With regard to the allegations in paragraph 27 of the Complaint, Federal admits only that Taco demanded that Federal provide indemnification to Taco. The remaining allegations are denied.

28. Federal denies the allegations in paragraph 28 of the Complaint.

29. Federal denies the allegations in paragraph 29 of the Complaint.

**Count I**
**"Breach Of Contract"**

30. Federal incorporates by reference its responses to the allegations set forth in paragraphs 1-29.

31. With regard to the allegations in the first sentence of paragraph 31, Federal admits that the Policies were purchased in good faith and for good consideration, but denies that they were intended "to provide insurance coverage for cases such as the Lawsuit." With regard to the allegations in the second sentence, Federal admits only that Taco has paid premiums due on the Policies and that it notified Federal of the Lawsuit in mid-2006.

32. Federal denies the allegations in paragraph 32 of the Complaint.

33. Federal denies the allegations in paragraph 32 of the Complaint.

34. Federal denies the allegations in paragraph 34 of the Complaint.

**Count II**
**"Declaratory Judgment Regarding Obligation To Provide Coverage Under The Policies"**

35. Federal incorporates by reference its responses to the allegations set forth in paragraphs 1-34.

36. The statement in paragraph 36 constitutes a legal conclusion as to which no response is required.

37. With regard to the allegations in paragraph 37 of the Complaint, Federal admits that the Policies were purchased in good faith and for good consideration, but denies that they were intended "to provide insurance coverage for cases such as the Lawsuit."

38. Federal denies the allegations in paragraph 38 of the Complaint.

39. Federal denies the allegations in paragraph 39 of the Complaint.

40. Federal denies the allegations in paragraph 40 of the Complaint.

41. The statements in paragraph 41 of the Complaint constitute legal conclusions as to which no response is required.

42. The statements in paragraph 42 of the Complaint constitute legal conclusions as to which no response is required.

**Count III**
**"Declaratory Judgment Regarding**
**Duty To Defend Under The Policies"**

43. Federal incorporates by reference its responses to the allegations set forth in paragraphs 1-42.

44. The statements in paragraph 44 of the Complaint constitute a description of the action and/or legal conclusions as to which no response is required.

45. Federal admits that the Policies were purchased in good faith and for good consideration, but denies that they were intended "to provide insurance coverage for cases such as the Lawsuit."

46. Federal denies the allegations in paragraph 46 of the Complaint.

47. Federal denies the allegations in paragraph 47 of the Complaint.

48. The statements in paragraph 48 constitute legal conclusions as to which no response is required.

49. The statements in paragraph 49 constitute legal conclusions as to which no response is required.

**Count IV**
**"Declaratory Judgment Regarding Duty**
**To Indemnify Under The Policies"**

50. Federal incorporates by reference its responses to the allegations set forth in paragraphs 1-49.

51. The statements in paragraph 51 of the Complaint constitute a description of the action and/or legal conclusions as to which no response is required.

52. Federal denies the allegations in paragraph 52 of the Complaint.

53. Federal denies the allegations in paragraph 53 of the Complaint.

54. The statements in paragraph 54 constitute legal conclusions as to which no response is required.

55. The statements in paragraph 55 constitute legal conclusions as to which no response is required.

**First Affirmative Defense**

The Complaint fails in whole or in part to state a claim upon which relief can be granted.

**Second Affirmative Defense**

The Complaint is barred in whole or in part by the doctrine of laches and/or the applicable statute of limitations.

**Third Affirmative Defense**

The Complaint is barred by an exclusion contained in the Policy.

**Fourth Affirmative Defense**

If Taco sustained damages as alleged, then such damages were caused by the acts and/or omissions of third persons for whose conduct Federal is in no way responsible.

WHEREFORE, Federal requests that the Complaint be dismissed with prejudice and that Federal be awarded its reasonable attorney fees and costs, together with such other relief as this Court deems appropriate.

FEDERAL INSURANCE COMPANY,

By Its Attorneys,

/s/ Mark A. Pogue
Mark A. Pogue #3441
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401.274.9200
Fax 401.276.6611

**Certificate of Service**

I hereby certify that on the 2nd day of March, 2007 a copy of the foregoing Answer was served by the ECF filing system to:

Robert K. Taylor, Esq.
180 South Main Street
Providence, RI 02903

/s/ Mark A. Pogue