**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

TACO, INC.,

Plaintiff,

v.

FEDERAL INSURANCE COMPANY,

Defendant.

C.A. No. 07-027-S-LDA

**TACO, INC.'S RULE 16 CONFERENCE STATEMENT**

Plaintiff Taco, Inc. ("Taco"), through counsel, submits the following Rule 16 Conference Statement setting forth the elements of its claims.

**I. Breach of Contract**

Taco is asserting a claim against defendant Federal Insurance Company ("Federal") for breach of Federal's coverage obligations under two policies of insurance issued by Federal to Taco (the "Policies"). Taco's claim under the Policies arises from a Texas lawsuit in which the plaintiff in that action makes various allegations of product design and/or manufacturing defects giving rise to potential civil liability on the part of Taco (the "Texas Lawsuit"). In order to prevail on its breach of contract claim, Taco must prove the following four elements:

(a) The existence of the Policies;

(b) Performance by Taco of its obligations under the terms of the Policies;

(c) Breach of the Policies by Federal; and

(d) Damages suffered by Taco as a result of the breach of the Policies by Federal.

*See Petrarca v. Fid. & Cas. Ins. Co.*, 884 A.2d 406, 410 (R.I. 2005). Under Rhode Island law, the terms of an insurance policy are to be construed according to the same rules applicable to

contracts. *Town of Cumberland v. Rhode Island Interlocal Risk Management Trust, Inc.*, 860 A.2d 1210, 1215 (R.I. 2004).

## II. **Declaratory Judgment**

In Counts II, III and IV of its Complaint, Taco seeks a declaratory judgment, pursuant to 28 U.S.C. § 2201,[1] that Federal is obligated to (a) provide insurance coverage under the Policies (Count II); (b) defend Taco in the Texas Lawsuit (Count III); and (c) indemnify Taco in full for all legal liabilities incurred by Taco as a result of the Texas Lawsuit (Count IV). In order to prevail on its claims, Taco must prove the following:

(i) The existence of the Policies; and

(ii) The applicability of the Policies to the matters for which Taco seeks coverage.

*See Children's Friend & Service v. St. Paul Fire & Marine Ins. Co*., 893 A.2d 222, 230 (R.I. 2006).

TACO, INC.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Carolyn P. Medina
Robert K. Taylor (#6514)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
rkt@psh.com
cpm@psh.com

DATED: April 17, 2007

---

1 28 U.S.C. § 2201(a) provides, in relevant part, that:

> In a case of actual controversy within its jurisdiction… any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration whether or not further relief is or could be sought.

Of Counsel:

Edward P. Gilbert, Esq.
MORRISON COHEN LLP
909 Third Avenue
New York, NY 10022
(212) 735-8600
(212) 735-8708 FAX
egilbert@morrisoncohen.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing TACO INC.'S RULE 16 CONFERENCE STATEMENT was filed with the Clerk of the United States District Court for the District of Rhode Island this 17th day of April, 2007 and is available for viewing and downloading to the following ECF registered counsel of record:

Mark A. Pogue / Edwards Angell Palmer & Dodge LLP
mpogue@eapdlaw.com

/s/ Carolyn P. Medina

912730_1/2818-25