# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TACO, INC.,<br>Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY,<br>Defendant. | C.A. NO. 07-027 S |

## CONFIDENTIALITY ORDER

WHEREAS, discovery of documents, interrogatories, information, and things in this action may require the disclosure of information which a party or third person considers confidential, proprietary, or in the nature of a trade secret (described collectively as "Confidential Information"), all parties to the above-captioned action are hereby ordered and bound as follows:

1. All Confidential Information disclosed or received as part of this action, in whatever form, shall be used solely for purposes of the above captioned litigation and for no other purpose whatsoever and shall not be used or disclosed other than as provided herein. This Confidentiality Order ("Order") shall be in addition to any party's obligations regarding the non-disclosure or use of information pursuant to any other agreement.

2. This Order shall be applicable to all Confidential Information provided, produced, or obtained in the course of discovery in this action, including, without limitation, that which is provided, produced, or obtained in or through any deposition, interrogatory response, response to a request for admission, and any document, thing, or premise provided or made available for inspection and/or copying.

Case 1:07-cv-00027-S-LDA Document 11-2 Filed 09/17/2007 Page 2 of 7

3. A person disclosing Confidential Information shall designate it "Confidential." Such designation shall be made by affixing the legend "Confidential" to each page of the document or by otherwise notifying the other party (for instance, through correspondence, identification in a response to a request for production of documents or by a statement on the record at a deposition) that specific information is Confidential. Any portion of any correspondence, legal memoranda, motion papers, pleadings and other written materials which quote or materially reveal the substance of any Confidential Information shall also be treated in accordance with the designation by the disclosing party.

4. Documents or information designated "Confidential" may be disclosed only to the parties, their counsel of record, their counsels' supporting personnel (such as paralegals, legal secretaries, clerks, and stenographers), and any expert or consultant retained by a party for purposes of this litigation, provided, however, that each such expert or consultant shall first have executed an Undertaking of Confidentiality in the form attached hereto as Exhibit A.

5. The word "document" shall include, without limitation, all original written, recorded or graphic matters and all copies thereof, including nonidentical copies, and tangible things.

6. If a party, through inadvertence, produces or discloses any Confidential Information without labeling, marking or otherwise designating it as such in accordance with the provisions of this Order, that party may give written notice to the receiving party that the document or thing produced is deemed Confidential and should be treated as such in accordance with the provisions of this Order. The receiving party must treat such documents and things as Confidential Information from the date such notice is received. Disclosure, prior to the receipt of

Case 1:07-cv-00027-S-LDA Document 11-2 Filed 09/17/2007 Page 3 of 7

such notice, of such information to persons not authorized to receive Confidential Information shall not be deemed a violation of this Order; provided, however, that the party making such disclosure shall notify the other party in writing of all such persons to whom such disclosure was made.

7. In connection with any deposition in this action, any person may designate the deposition, portion thereof, or exhibit thereto as Confidential by noting such a designation on the record or in a writing served on counsel for the other party, up to ten (10) days after receipt of such deposition transcript by the designating person. Where a claim of confidentiality is made at any deposition, all persons in attendance who, by virtue of the terms of this Order, do not have access to such Confidential Information shall be excluded from attendance at the portion or portions of the deposition at which such Confidential Information will be disclosed.

8. In connection with the examination of any witness (be it at deposition, trial or otherwise), if Confidential Information is to be introduced to the witness and the witness is not designated as provided herein to receive Confidential Information, then prior to the examination, the party intending to introduce the Confidential Information to the witness shall require the witness to sign a Undertaking of Confidentiality in the form attached hereto as Exhibit A. In the event that such witness declines to give such written acknowledgment prior to the examination, the parties or any of them, by their attorneys, may seek a further protective order from the Court prohibiting such witness or attorney from disclosing such Confidential Information.

9. Any paper, document, exhibit, or thing that contains or discloses Confidential Information which is to be filed with or submitted to the Court shall be filed in a

Case 1:07-cv-00027-S-LDA Document 11-2 Filed 09/17/2007 Page 4 of 7

sealed envelope prominently marked with the caption of the case and the notation "Confidential, Subject to Confidentiality Order. To be opened only by or as directed by the Court."

10. Unless otherwise ordered by the Court, and subject to all other appropriate objections, Confidential Information may be disclosed in testimony at the hearing of this action or offered in evidence, subject to this Order and all other applicable statutes, laws, rules, orders and objections.

11. Nothing herein shall prevent disclosure of information within the scope of this Order if the party designating the information as Confidential Information consents to such disclosure or if the Court, after notice to the parties, orders such disclosure.

12. If a party reasonably believes that information produced in this litigation should not have been designated as Confidential Information, it must, within ten (10) business days of receiving the information so designated, provide the disclosing party with a written objection that identifies the information at issue and states its reasons for questioning the confidentiality designation along with a request for a conference to resolve the conflict on the issue at a designated time. The disclosing party is responsible for making good faith efforts to participate in that conference at the designated time or such reasonable alternative time as can be arranged. If the parties cannot resolve the objections to the designation, then the objecting party may move for an order that the information in question is not Confidential Information. Until and unless the Court issues such an order, the information in question shall continue to be treated as Confidential Information.

13. It is not the intention of this Order to address any objections to discovery on grounds other than Confidentiality. The parties reserve their respective rights to object to the production of information on other grounds and to attempt to compel the production of any

withheld information. Further, this Order shall not constitute an agreement to produce Confidential Information if doing so is unnecessary (*i.e.*, the information sought can be produced without the need to produce Confidential Information.)

14. The designation of any document, thing or testimony as Confidential shall not be construed as an admission or an agreement that the designated document, thing or testimony contains or discloses any trade secret or protected information. No person shall be obligated to challenge the propriety of any such designation, and any failure to do so shall not preclude a subsequent attack on the propriety of any such designation.

15. This Stipulated Order does not prohibit the use or disclosure of information lawfully and independently obtained by a party, even if such information is additionally contained in materials designated as Confidential under this Order. The restrictions on use and disclosure set forth herein shall not apply to information that, prior to being obtained pursuant to pretrial discovery in this action, either was in the possession or knowledge of the party obtaining such information, as a result of the disclosure of such information by a source which could lawfully disclose such information, or was demonstrably public knowledge.

16. Documents and things designated as containing Confidential Information and any copies or extracts thereof shall be retained in the custody of the attorneys of record during the pendency and after the conclusion of this action, except as reasonably necessary to provide access to persons authorized under the provisions of this Order.

Case 1:07-cv-00027-S-LDA Document 11-2 Filed 09/17/2007 Page 6 of 7

The terms of the foregoing Confidentiality Order are approved and hereby are entered as an ORDER of this Court on this _____ day of September, 2007.

ENTER:

WES

U.S.D.J.

9/19/07

PER ORDER:

Karen Baldinelli

Deputy Clerk

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing CONFIDENTIALITY ORDER was filed with the Clerk of the United States District Court for the District of Rhode Island this 17th day of September, 2007 and is available for viewing and downloading to the following ECF registered counsel of record:

Mark A. Pogue/Edwards Angell Palmer & Dodge LLP
mpogue@eapdlaw.com

Edward P. Gilbert/Morrison Cohen, LLP
egilbert@morrisoncohen.com

/s/ Robert K. Taylor

Case 1:07-cv-00027-S-LDA Document 11-2 Filed 09/17/2007 Page 7 of 7

**EXHIBIT A**

**UNDERTAKING OF CONFIDENTIALITY**

I have been asked or retained by __________________________ to serve as an expert witness or otherwise provide testimony in the matter of *Taco, Inc. v. Federal Insurance Company of America, et al.*, C.A. No. 07-027-S, an action now pending before the United States District Court for the District of Rhode Island. I have read and I hereby agree to comply with and abide by the CONFIDENTIALITY ORDER entered by the Court in this action, including without limitation the restriction that all Confidential Information disclosed or received in this matter in whatever form shall be used solely for purposes of the litigation or any other action arising from or based upon the information disclosed and for no other purpose whatsoever, and shall not be used or disclosed other than as provided in the CONFIDENTIALITY ORDER.

Signature: ______________________________
Name: ______________________________
Address: ______________________________
______________________________
Date: ______________________________

940075_1/2818-25