# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TACO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY,<br><br>Defendant. | C.A. NO. 07-027-S |

**MOTION TO COMPEL OF PLAINTIFF TACO, INC.**

Pursuant to Federal Rules of Civil Procedure 26 and 37, Plaintiff Taco, Inc. ("Taco"), through counsel, hereby moves for an order compelling Defendant Federal Insurance Company to provide full and complete answers to Taco's request for the production of documents and Interrogatory No. 6 of Taco's Interrogatories. In support of its motion Taco relies upon the accompanying memorandum of law.

TACO, INC.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Robert K. Taylor
Robert K. Taylor (#6514)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(40) 861-8210
rkt@psh.com
cpm@psh.com

DATED: October 2, 2007

Of Counsel:

Edward P. Gilbert, Esq.
MORRISON COHEN LLP
909 Third Avenue
New York, NY 10022
(212) 735-8600
(212) 735-8708 FAX
egilbert@morrisoncohen.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing MOTION TO COMPEL OF PLAINTIFF TACO, INC. was filed with the Clerk of the United States District Court for the District of Rhode Island this 2nd day of October, 2007 and is available for viewing and downloading to the following ECF registered counsel of record:

Mark A. Pogue/Edwards Angell Palmer & Dodge LLP
mpogue@eapdlaw.com

/s/ Robert K. Taylor

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TACO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY,<br><br>Defendant. | C.A. NO. 07-027-S |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL OF PLAINTIFF TACO, INC.

Pursuant to Federal Rules of Civil Procedure 26 and 37, Plaintiff Taco, Inc. ("Plaintiff" or "Taco") submits this memorandum of law in support of its Motion to Compel Defendant Federal Insurance Company ("Defendant" or "Federal") to provide full and complete answers to Taco's request for the production of documents and Interrogatory No. 6 of Taco's interrogatories.

## I. FACTUAL BACKGROUND

On January 22, 2007, Taco commenced this action against Federal based upon a breach of Federal's coverage obligations under two policies of insurance issued by Federal to Taco (the "Policies"). Taco's claims under the Policies, for breach of contract and declaratory judgment, arise from a Texas lawsuit in which the plaintiffs in that action assert various allegations of product design and/or manufacturing defects giving rise to potential civil liability on the part of Taco (the "Texas Lawsuit"). In its Answer, Federal claims that there is no coverage under the Policies based upon a Biological Agents Exclusion contained in both Policies.

On June 4, 2007, Taco served Federal with Plaintiff's First Request for Production of Documents (Exhibit A) and First Set of Interrogatories (Exhibit B). The discovery requests were served pursuant to Rules 33 and 34 of the Rules of Civil Procedure. On or about August 10, 2007, Federal responded to Plaintiff's Request for Production of Documents and Interrogatories (Exhibits C and D).

Many of Federal's discovery responses were patently insufficient. Indeed, as explained more fully below, Federal posited improper blanket objections to discovery requests that are directly relevant to Plaintiff's claims in this action.

In a good faith effort to resolve these issues without the need for this Court's intervention, Taco wrote a letter to Federal's counsel on August 16, 2007 (the "August 16 Letter"), outlining the deficiencies in Federal's responses and asking Federal to supplement its original responses and document production (Exhibit E). Approximately one week later, counsel conferred by telephone at which time Federal's counsel stated that he would respond to the August 16 Letter by written letter (attached hereto as Exhibit F is a September 3, 2007 email to Federal's counsel asking when the responsive letter would be forthcoming). On or about September 17, 2007, Defendant made a supplemental document production limited to documents from Taco's underwriting file. At that time, Defendant's counsel asked that the parties confer by telephone concerning the outstanding discovery dispute. On September 24, 2007, Plaintiff's counsel emailed Defendant's counsel asking to arrange a time to confer via telephone (Exhibit G) – Defendant never responded. Plaintiff's counsel thereafter left telephone messages with the Defendant's counsel which have not been returned. The outstanding discovery issues, therefore, remain unresolved and given the upcoming fact discovery cut-off date (November 30, 2007), Plaintiff is compelled to bring this motion to compel pursuant to Rules 26 and 37.

## II. ARGUMENT AND AUTHORITY

Federal Rule of Civil Procedure 26(b)(1) authorizes a party to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). The Court is specifically empowered by the Rules to order, for good cause shown, "discovery of any matter relevant to the subject matter involved in the action…" *Id.* Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* Rule 37 allows a party to apply for an order compelling disclosure. Fed. R. Civ. P. 37(a).

### A. Defendant's Improper Blanket Objections to Requests for Production

#### 1. Information Relating to Reserves/Financial Information

Document Request No. 5,[1] relating to the establishment of Federal's reserves, and Document Request No. 13,[2] relating to Federal's potential financial exposure in this Action and others in which Federal has denied coverage based upon the Biological Agents Exclusion, both easily satisfy the broad scope of discovery under Rule 26. Nevertheless, Federal has flatly refused to provide Taco with documents responsive to these requests. *See* Exhibit C at pp. 4 and 5. Federal's refusal is improper.

Under similar circumstances, numerous federal courts have ordered the disclosure of reserves and similar financial information. *See U.S. Fire Ins. Co. v. Bunge N. Am. Inc.*, No. 05-2192-JWL, 2007 U.S. Dist. LEXIS 53729, at *26 (D. Kan. July 23, 2007) (ordering disclosure of loss reserve information stating that "the actual amounts of the Insurers' loss

---

[1] Document Request No. 5 reads: All documents relating to the establishment of reserves in connection with this action and/or Taco's claims and/or the Lawsuit.

[2] Document Request No. 13 reads: Any and all documents that, in any way, discuss, comment on, refer to, relate to, or contain information concerning your potential financial exposure resulting from: (a) the Lawsuit; and (b) any actions, in which you have denied coverage based upon the Biological Agents Exclusion or any similarly worded provisions contained in Your insurance policies against any of your other past or present policyholders.

reserves – including any changes to those amounts – could, at the least, lead to admissible evidence relating to the Insurers' own beliefs about coverage and their liability"); *Brand Mgmt., Inc. v. Maryland Cas. Co.*, No. 05-cv-02293, 2006 U.S. Dist. LEXIS 40205 (D. Colo. June 14, 2006) (denying motion for protective order finding information relating to loss reserves to be relevant for purposes of discovery); *Bernstein v. Travelers Ins. Co.*, 447 F. Supp. 2d 1100 (N.D. Cal. 2006) (granting motion to compel loss reserve information); *Federal Ins. Co. v. Southwestern Wire Cloth, Inc.*, No. 95-C-689-K, 1996 U.S. Dist. LEXIS 22001 (N.D. Okla. Dec. 9, 1996) (court orders the production of loss reserve information as relevant at the discovery stage of litigation in an insurance coverage action).

Here, information relating to Federal's reserves and/or financial exposure will clearly shed light on Federal's internal assessment of its defense to coverage. It is, of course, well settled that insurers transacting business in the State of Rhode Island are obligated to act in good faith in their relationships with policyholders. *Bibeault v. Hanover Ins. Co.*, 417 A.2d 313 (R.I. 1980). If Federal's reserve information reveals a lack of good faith, certainly that information reflecting its internal assessment is probative of whether or not Federal has breached its obligations to Taco. Accordingly, responsive documents are clearly relevant to the subject matter involved in this action and Document Request Nos. 5 and 13 are calculated to lead to admissible evidence. Federal should be compelled to produce responsive documents.

**2. Information Relating to the Biological Agents Exclusion**

Document Request Nos. 10, 11, 12 and 14 relate to Federal's insurance coverage position concerning the key contractual provision in this action, the Biological Agents Exclusion.[3] Federal has asserted blanket objections to each request.

Federal courts routinely allow for discovery of this type. For example, in *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101 (D.N.J. 1990), a declaratory judgment action based upon the defendant/insurer's refusal to indemnify, the court granted plaintiff/insured's motion to compel discovery of the same type Taco seeks here. Plaintiff Nestle sought information relating to the drafting history of the pertinent policy provisions (like Taco's Document Request No. 11) and documents relating to the manner in which the defendant-insurers handled the claims of other insureds with similar policy language (analogous to Taco's Document Request Nos. 10, 12 and 14). With respect to the request for the drafting history of the relevant provisions, the court directed its production. *Id.* at 104-106. With respect to the documents relating to the handling of the claims of other insureds in connection with similar provisions, the *Nestle* court found that the requested information was "relevant for purposes of discovery since it may show that identical language has been afforded various interpretations by the insurer. It may also tend to show that the interpretations suggested by the defendants today

[3] Document Request No. 10 reads: All documents that discuss, comment upon, or relate in any manner to insurance coverage for your past or present policyholders, with respect to claims or actions, such as those at issue in this litigation, that relate to the Biological Agents Exclusion of other similarly worded provisions contained in Your insurance policies.

Document Request No. 11 called upon Federal to produce "documents that, in any way, evidence, refer to, or relate to the meaning, application or interpretation of the Biological Agents Exclusion."

Document Request No. 12 asks for: Any and all documents that, in any way, discuss, comment on, refer to, relate to, or tend to show whether you have accepted or denied insurance coverage for claims or actions relating to the Biological Agents Exclusion or others similarly worded provisions contained in Your insurance policies, such as those at issue in this litigation, made against any other of your past or present policyholders.

Document Request No. 14 reads: All claims files in which You have denied claims based upon the Biological Claims Exclusion or other similarly worded provisions contained in Your insurance policies.

are not the same as those of the original drafters." *Id.* at 106. *See also Arkwright Mut. Ins. Co. v. National Union Fire Ins. Co. of Pittsburgh*, No. 90 Civ. 7811, 1993 U.S. Dist. LEXIS 14986 (S.D.N.Y. Oct. 26, 1993) (finding that request for drafting history is reasonably calculated to lead to admissible evidence).

Similarly, Taco's requests are relevant to examine whether Federal has acted in a consistent manner in resolving claims where the same or similar policy language – the language at the heart of this litigation – was involved. Indeed, with regard to Document Request No. 11, the ultimate resolution of this action turns on the meaning, application and interpretation of the Biological Agents Exclusion. How can Federal maintain that such a request is not reasonably calculated to lead to the discovery of admissible evidence? *See* Exhibit C at p. 5. Federal's blanket objections and refusal to provide responsive documents are utterly without merit. On their face, these document requests are calculated (indeed, narrowly focused) to lead to the discovery of admissible evidence and Taco is clearly entitled to receive such information.

**3. Claims Manuals or Other Documents**

Document Request Nos. 15, 16, 19 and 20[4] are straightforward requests that seek, among other documents, Federal's underwriting and claims manuals. These manuals are germane to the interpretation of the Policies at issue as well as the Biological Agents Exclusion

[4] Document Request No. 15 reads: Your internal guidelines, policies, manuals, directives, procedures and other documents and materials relating to the underwriting of general liability insurance policies used or intended for use at any time during the Relevant Time Period.

Document Request No. 16 reads: Your internal guidelines, policies, manuals, directives, procedures and other documents relating to the underwriting of commercial excess and umbrella insurance policies used or intended for use at anytime during the Relevant Time Period.

Documents Request No. 19 reads: All documents that evidence, constitute, refer or relate to your practices, policies, requirements, and procedures concerning the handling, adjustment, investigation, and processing of claims under general liability insurance policies, including claims manuals, claim handling manuals, instructional manuals, training manuals and policy manuals.

Document Request No. 20 reads: All documents that evidence, constitute, refer or relate to your practices, policies, requirements, and procedures concerning the handling, adjustment, investigation, and processing of claims under commercial excess and umbrella insurance policies.

and, accordingly, they should be produced. Again, Federal has objected to these requests and refused to produce documents (s*ee* Exhibit C). The holdings of numerous federal courts, however, support Taco's positions that it is entitled to this information because it may lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1); *Champion Int'l Corp. v. Liberty Mut. Ins. Co*., 129 F.R.D. 63, 67 (S.D.N.Y. 1989) (party may discover claims manuals and related documents that might facilitate interpretation of disputed policy provisions); *Adams v. Allstate Ins. Co*., 189 F.R.D. 331 (E.D. Pa. 1999) (ordering disclosure of claims manuals and training manuals, subject to confidentiality order); *Auto Owners Ins. Co. v. Totaltape, Inc*., 135 F.R.D. 199, 202-03 (M.D. Fla. 1990) (holding that insurer's claims manual and guidelines for business interruption claims were not work product because they were created in the ordinary course of business); *Sickora v. Northwestern Mut. Life Ins. Co*., No. 00-6194, 2001 U.S. Dist. LEXIS 16394, at *3 (E.D. Pa. Oct. 10, 2001) (ordering disclosure of training and claims handling materials because "Plaintiff is entitled to discover documents which may show that defendant has interpreted this provision differently in resolving similar claims"); *Treace v. Unum Life Ins. Co*., No. 03-2409M1V, 2004 U.S. Dist. LEXIS 27181 (W.D. Tenn. Aug. 10, 2004) (ordering disclosure of guidelines, polices and procedures during the time period plaintiff's policy was in effect).

**4. Request for Organizational Charts**

Taco's request for documents sufficient to show the organization of Federal's underwriting and claims department, Document Request No. 17,[5] is a standard, reasonable request that will help identify individuals who will have knowledge of the issues in this case. The production of such documents including organizational charts would not be burdensome to

[5] Document Request No. 17 reads as follows: Documents sufficient to show the organization of Your underwriting department, claim department and each division or section thereof.

Federal and is routinely required. *See Discover Fin. Servs., Inc. v. Visa U.S.A., Inc.*, No. 04 Civ. 7844, 2006 U.S. Dist. LEXIS 43675, at *6 (S.D.N.Y. June 20, 2006) (directing the production of organizational charts that "will identify all the high-level and mid-level individuals who were involved" in the relevant circumstances); *Satchell v. FedEx Express*, No. C 03-02659, 2006 U.S. Dist. LEXIS 76246 (N.D. Cal. Oct. 6, 2006) (directing the production of organizational charts).

**5. Request for Document Retention Policies**

Document Request No. 35[6] calls upon Federal to produce any and all document retention or document destruction policies and procedures. Federal has refused to produce Federal policies (*see* Exhibit C). Federal Rule of Civil Procedure 26(b)(1), however, expressly allows parties to obtain discovery regarding any matter "including the existence, description, nature, custody, condition, and location of any … documents." Accordingly, the production of document retention/destruction policies are, therefore, expressly contemplated by Rule 26. Such document should be produced by Federal.

**6. Federal Refuses to Respond to Interrogatory No. 6**

Taco's Interrogatory No. 6 asked Federal to,

> Identify each and every proceeding to which You are or have been a party, including all court, arbitration and mediation proceedings, in which insurance coverage was denied and/or limited based upon the Biological Agents Exclusion or any similarly worded provision continued in Your insurance policies. For each such proceeding, state the parties' names and respective counsel, where the proceeding is or was pending, its civil action or other identification number and the status of the proceedings, including any disposition or resolution that has resulted.

*See* Exhibit B.

---

[6] Document Request No. 35 calls upon Federal to produce, "Any and all document retention or document destruction policies and procedures in effect at Your company."

As was the case with document requests relating to the key provision in this case, the Biological Agents Exclusion, Federal posited a blanket objection to Interrogatory No. 6 contending that the interrogatory was not "reasonably calculated to lead to the discovery of admissible evidence." *See* Exhibit D at p. 6.

As explained above, such information is directly relevant to determine whether Federal consistently interprets its Biological Agents Exclusion. If such information exists, Taco is entitled to review it and explore it. Certainly such information may lead to the discovery of admissible evidence.

## III. CONCLUSION

Taco respectfully requests that the Court issues an order compelling Federal to fully respond to the document requests and interrogatory set forth herein along with such other and further relief as the Court may deem appropriate.

TACO, INC.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Robert K. Taylor
Robert K. Taylor (#6514)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(40) 861-8210
rkt@psh.com
cpm@psh.com

DATED: October 2, 2007

Of Counsel:

Edward P. Gilbert, Esq.
MORRISON COHEN LLP
909 Third Avenue
New York, NY 10022
(212) 735-8600
(212) 735-8708 FAX
egilbert@morrisoncohen.com

## CERTIFICATION OF COUNSEL

Counsel hereby certifies pursuant to Fed. R. Civ. P. 37(a) that Taco, Inc. has in good faith conferred and attempted to confer with Federal Insurance Company in an effort to secure the disclosure without court action.

/s/ Robert K. Taylor

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL OF PLAINTIFF TACO, INC. was filed with the Clerk of the United States District Court for the District of Rhode Island this 2nd day of October, 2007 and is available for viewing and downloading to the following ECF registered counsel of record:

Mark A. Pogue/Edwards Angell Palmer & Dodge LLP
mpogue@eapdlaw.com

/s/ Robert K. Taylor

942779_1/2818-25