# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TACO, INC.,

Plaintiff,

v.

FEDERAL INSURANCE COMPANY,

Defendant.

C.A. No. 07-027-S-LDA

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Taco, Inc., by its attorneys, Partridge Snow & Hahn, LLP and Morrison Cohen LLP, hereby requests that Defendant Federal Insurance Company produce for inspection, examination and copying to undersigned counsel the following documents within (30) days of the date of service hereof.

**DEFINITIONS AND INSTRUCTIONS**

(A) "Taco" refers to Plaintiff Taco, Inc., including its past or present officers, directors, agents, servants and employees; as well as any of its corporate affiliates, divisions, subgroups, subsidiaries, parent corporations, predecessors in interest and successors, and their present and former officers, directors, agents, servants and employees.

(B) "You" or "Your" refers to Defendant Federal Insurance Company, including its past or present officers, directors, agents, employees, servants, consultants, representatives, attorneys, investigators, contractors, subcontractors and experts; as well as any of its corporate affiliates, divisions, subgroups, subsidiaries, parent corporations,

predecessors in interest and successors, and their present and former officers, directors, agents, employees, servants, consultants, representatives, attorneys, investigators, contractors, subcontractors and experts.

(C) The "Policies" means the two contracts of insurance You sold to the Taco attached as Exhibits A and B to the Complaint in this action.

(D) "Relevant Time Period," for purposes of these discovery requests only, and unless otherwise provided, means the time period commencing one year prior to the inception date of the first of the Policies and continuing until one year after the end of the policy period of the last of the Policies.

(E) The phrase "referring or relating to" means all information constituting or comprising, concerning, referring or relating in any way, directly or indirectly, to the subject matter of the discovery request.

(F) The "Biological Agents Exclusion" refers to the Biological Agents exclusions contained in the Endorsements to both Policies.

(G) The "Lawsuit" refers to the lawsuit commenced against Taco captioned as *Alfred Evans, et al. v. Griffin & Company, et al.*, pending in the 57th Judicial District Court of Bexar County, Texas.

(H) "Document" is used in the broadest sense permissible under the Federal Rules of Civil Procedure, and includes any recorded information (whether printed, typed, photocopied, handwritten, recorded, electronically stored, produced, or reproduced or created by any other process), tangible thing or any other compilation of information that is within Your possession, custody or control, including, without limitation, any and all:

(i) Accountants work papers, advertising circulars, advisories, agreements, appointment books, articles, bills, binders, books, brochures, bulletins, cables, calendars, certificates of insurance, charts, checks, circulars, communications (intra-office, inter-office, external and other), compilations, computer printouts, confirmations, contracts, correspondence, desk-pads, diaries, drafts, drawings, exhibits, facsimiles, financial statements, flyers, forecasts, graphs, guidelines, invoices, instructions, letters, lists, logs, manuals, memoranda, messages, microfiche, microfilm, minutes of meetings, notebooks, notes, outlines, pamphlets, periodicals and clippings from periodicals, placement slips, pleadings, policies, post-it notes, projections, prospectuses, questionnaires, receipts, records, reports, rules, schedules, statements, studies, subscription agreements or pages, summaries, tables, telecopies, telefaxes, telegrams, telephone messages, telexes, translations, treaties, wire messages and worksheets;

(ii) Graphic or audio records or representations of any kind, including photographs, charts, drawings, graphs, microfiche, microfilm, videotapes, recordings and motion pictures;

(iii) Electric, electronic, magnetic, mechanical and optical records or representations of any kind, including, without limitation, tapes, cassettes, computer discs, recordings, computer memories or other electronic data compilations;

(iv) Final versions and all drafts; and

(v) All originals, as well as copies that vary from the original in any respect, including, without limitation, variations due to handwritten notes, editing, interlineations, blind copies and other alterations.

(I) All documents produced pursuant to these requests are to be produced in the form, order and manner in which they are maintained in Your files, or shall be organized and labeled to correspond with the categories in these requests.

(J) If any documents requested were at one time in Your possession, custody or control, but no longer are in Your possession, custody or control, for each such document: (a) describe the document and the circumstances under which it was prepared, including by whom and at whose insistence it was generated; (b) state the date upon and circumstances under which it left Your possession, custody or control, ceased to exist or was lost; (c) identify all persons having knowledge of the circumstances under which it left Your possession, custody or control, ceased to exist or was lost; (d) identify its last known custodian; (e) identify all persons having knowledge of the contents thereof; (f) identify all persons having knowledge of the contents thereof; (g) identify each person who received it; and (h) provide a summary of its contents.

(K) If any documents identified in response to these requests are in the possession of a third party, state the identity and location of the third party.

(L) Any document that bears any marks, including by way of illustration only and without limitation, initials, stamped indicia, comments or notations of any character, that are not a part of the original text or any reproduction thereof, is to be considered a separate document.

(M) If You withhold any document or thing being requested herein on the basis of the attorney-client or other legal privilege or the work-product doctrine, You should serve with Your responses to these requests a written list in which You identify: each such document or thing; the privilege claimed and the basis on which the privilege is asserted; the subject matter of the document; the sender; the author, and everyone (other than clerical or stenographic personnel) who was involved in the preparation of the document; the recipient, each person to whom the original or any copy was circulated and each person to whom the contents of the document were communicated by copy, exhibition, reading or substantial summarization; the dates it was prepared and circulated; the names appearing on any circulation list associated with such document; and, the paragraph number of the document request(s) to which the document is responsive. The subject matter of such document and Your basis for withholding it should be described in sufficient detail to permit the Court to make a determination in the event of a motion under Fed. R. Civ. P. 37.

(N) If You object to a portion of a request or otherwise cannot comply in full, You should produce all other documents called for by that request, describe the respects in which You object to the request or otherwise cannot answer it in full and explain the basis for Your objection or failure to respond in full.

(O) All requests shall be interpreted to bring within their scope the broadest range of discovery permissible under the Federal Rules of Civil Procedure.

(P) All uses of the conjunctive include the disjunctive and vice versa. All singular nouns include the plural and vice versa. All uses of the word "all" include "any"

and vice versa. All uses of the word "each" include "every" and vice versa. The use of a verb in any tense encompasses the use of the verb in all tenses.

(Q) Each document production request is continuing in nature and shall be modified or supplemented to include any additional later discovered responsive information, knowledge, data or documents.

## DOCUMENTS REQUESTED

1. All documents referring or relating to Your decision to deny coverage regarding Taco's claim for coverage, indemnification and costs of defense.

2. All documents referring or relating to the Biological Agents Exclusion.

3. All documents relating to the Policies.

4. All documents relating to the negotiation and sale of the Policies to Taco.

5. All documents relating to the establishment of reserves in connection with this action and/or Taco's claims and/or the Lawsuit.

6. All documents relating to applications for the Policies.

7. All documents relating to the underwriting of the Policies.

8. All claims files relating to Taco.

9. Any and all documents showing premiums that Taco paid pursuant to the terms of the Policies.

10. All documents that discuss, comment upon, or relate in any manner to insurance coverage for your past or present policyholders, with respect to claims or actions, such as those at issue in this litigation, that relate to the Biological Agents Exclusion of other similarly worded provisions contained in Your insurance policies.

11. Any and all documents that, in any way, evidence, refer to, or relate to the meaning, application, or interpretation of the Biological Agents Exclusion. This request includes, but is not limited to, documents evidencing or relating to communications regarding these subjects with any person (*e.g.*, your representatives, employees, officers, or agents; representatives, employees, officers or agents of (1) another insurance company, (2) any insurance broker, (3) Taco, (4) any of your other past or present policyholders, (5) any insurance trade association, etc.) This request also includes, but is not limited to, the minutes or reports of any insurance trade association or any formal or informal committee or subcommittee of any insurance trade association regarding this subject.

12. Any and all documents that, in any way, discuss, comment on, refer to, relate to, or tend to show whether you have accepted or denied insurance coverage for claims or actions relating to the Biological Agents Exclusion or others similarly worded provisions contained in Your insurance policies, such as those at issue in this litigation, made against any other of your past or present policyholders.

13. Any and all documents that, in any way, discuss, comment on, refer to, relate to, or contain information concerning your potential financial exposure resulting from: (a) the Lawsuit; and (b) any actions, in which you have denied coverage based upon the Biological Agents Exclusion or any similarly worded provisions contained in Your insurance policies against any of your other past or present policyholders.

14. All claims files in which You have denied claims based upon the Biological Claims Exclusion or other similarly worded provisions contained in Your insurance policies.

15. Your internal guidelines, policies, manuals, directives, procedures and other documents and materials relating to the underwriting of general liability insurance policies used or intended for use at any time during the Relevant Time Period.

16. Your internal guidelines, policies, manuals, directives, procedures and other documents relating to the underwriting of commercial excess and umbrella insurance policies used or intended for use at anytime during the Relevant Time Period.

17. Documents sufficient to show the organization of Your underwriting department, claim department and each division or section thereof.

18. Any and all promotional brochures, advertisements, and comparable documents that describe the insurance products and services offered by You.

19. All documents that evidence, constitute, refer or relate to your practices, policies, requirements, and procedures concerning the handling, adjustment, investigation, and processing of claims under general liability insurance policies, including claims manuals, claim handling manuals, instructional manuals, training manuals and policy manuals.

20. All documents that evidence, constitute, refer or relate to your practices, policies, requirements, and procedures concerning the handling, adjustment, investigation, and processing of claims under commercial excess and umbrella insurance policies.

21. All documents that evidence, constitute, refer, or relate to any investigation conducted by you or on your behalf concerning the Lawsuit.

22. All documents that evidence, constitute, refer, or relate to any coverage position taken, by you with respect to the Lawsuit.

23. All documents that evidence, constitute, refer, or relate to any communications between you and any person, including other insurance carriers, insurance agents or brokers, and claims adjusters or loss adjusters, concerning the Lawsuit.

24. All communications among Your employees, agents or representatives regarding the Policies.

25. All communications among Your employees, agents or representatives regarding the Lawsuit.

26. All documents that evidence, constitute, refer or relate to any opinions you have received as to whether either of the Policies provides any coverage for any part of the Lawsuit.

27. All documents that support your denial of paragraph 23 of Taco's Complaint in your Answer.

28. All documents that support your denial of paragraph 24 of Taco's Complaint in your Answer.

29. All documents that support your denial of paragraph 25 of Taco's Complaint in your Answer.

30. All documents that support Your First Affirmative Defense.

31. All documents that support Your Second Affirmative Defense.

32. All documents that support Your Third Affirmative Defense.

33. All documents that support Your Fourth Affirmative Defense.

34. Copies of all expert reports that you have received from (a) any other party, or (b) any person whom you have retained as an expert, in connection with this litigation.

35. Any and all document retention or document destruction policies and procedures in effect at Your company.

Dated: New York, New York
June 4, 2007

TACO, INC.
By Its Attorneys,

PATRIDGE SNOW & HAHN, LLP

By: *s/ Carolyn P. Medina*

Robert K. Taylor (#6514)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, Rhode Island 02903
(401) 861-8200
(402) 861-8210 (Fax)
rkt@psh.com
cpm@psh.com

Of Counsel:

Edward P. Gilbert, Esq.
MORRISON COHEN LLP
909 Third Avenue
New York, New York 10022
(212) 735-8600
(212) 735-8708 (Fax)
egilbert@morrisoncohen.com

**Certificate of Service**

I hereby certify that on the 4th day of June, 2007 a copy of the foregoing Plaintiff's First Request for Production of Documents was serve by Federal Express to:

Mark A. Pogue, Esq.
EDWARDS ANGELL PALMER & DODGE, LLP
2800 Financial Plaza
Providence, Rhode Island 02903

Edward P. Gilbert