# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| TACO, INC.,<br><br>Plaintiff,<br><br>- v -<br><br>FEDERAL INSURANCE COMPANY,<br><br>Defendant. | C.A. No. 07-027-S-LDA<br><br>**PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Taco, Inc., by its attorneys, Partridge Snow & Hahn LLP and Morrison Cohen LLP, hereby propounds its First Set of Interrogatories, and directs Defendant Federal Insurance Company to answer the following interrogatories under oath, within thirty (30) days of service. These Interrogatories are to be interpreted and answered in accordance with the following Definitions and Instructions.

## DEFINITIONS AND INSTRUCTIONS

(A) "Taco" refers to Plaintiff Taco, Inc., including its past or present officers, directors, agents, servants and employees; as well as any of its corporate affiliates, divisions, subgroups, subsidiaries, parent corporations, predecessors in interest and successors, and their present and former officers, directors, agents, servants and employees.

(B) "You" or "Your" refers to Defendant Federal Insurance Company, including its past or present officers, directors, agents, employees, servants, consultants, representatives, attorneys, investigators, contractors, subcontractors and experts; as well as any of its corporate affiliates, divisions, subgroups, subsidiaries, parent corporations, predecessors in interest and

successors, and their present and former officers, directors, agents, employees, servants, consultants, representatives, attorneys, investigators, contractors, subcontractors and experts.

(C) The "Policies" means the two contracts of insurance You sold to the Taco attached as Exhibits A and B to the Complaint in this action.

(D) "Relevant Time Period," for purposes of these discovery requests only, and unless otherwise provided, means the time period commencing one year prior to the inception date of the first of the Policies and continuing until one year after the end of the policy period of the last of the Policies.

(E) The phrase "referring or relating to" means all information constituting or comprising, concerning, referring or relating in any way, directly or indirectly, to the subject matter of the discovery request.

(F) The "Biological Agents Exclusion" refers to the Biological Agents exclusions contained in the Endorsements to both Policies.

(G) The "Lawsuit" refers to the lawsuit commenced against Taco captioned as *Alfred Evans, et al. v. Griffin & Company, et al.*, pending in the 57th Judicial District Court of Bexar County, Texas.

(H) Any documents or information withheld pursuant to a claim of privilege or subject to protection as trial preparation material must be described in accordance with Fed. R. Civ. P. 26(b)(5).

(I) All interrogatories shall be interpreted to bring within their scope the broadest range of discovery permissible under the Federal Rules of Civil Procedure.

(J) All uses of the conjunctive include the disjunctive and vice versa. All singular nouns include the plural and vice versa. All uses of the word "all" include "any" and vice versa. All uses of the word "each" include "every" and vice versa. The use of a verb in any tense encompasses the use of the verb in all tenses.

(K) The requests for information shall be deemed continuing and the responses must be supplemented from time to time as You become aware of additional responsive documents or information, or as additional responsive documents or information comes into your possession, custody or control.

## INTERROGATORIES

**INTERROGATORY NO. 1:** For each of the Policies, identify each person who was involved in the respective Policy's underwriting and describe each such person's involvement.

**INTERROGATORY NO. 2:** Identify each person involved in drafting or formulating each of the Policies, describe the process by which each Policy's language was drafted or formulated, and identify any preprinted form or standard form policy language (including its source) that was selected for inclusion in the Policies.

**INTERROGATORY NO. 3:** In connection with the Lawsuit, describe any investigation, claims handling and coverage determination processes You undertook, identify each person who has or had any involvement in or responsibility for any such investigation, claims handling and coverage determination processes, and describe each such person's involvement or responsibility.

**INTERROGATORY NO. 4:** For each of the Policies, identify each Policy provision that You contend applies to exclude or limit coverage in connection with Taco's claims for coverage

relating to the Lawsuit and, for each identified provision, state the factual basis for Your contention that the provision excludes or limits coverage.

**INTERROGATORY NO. 5:** For each affirmative or other defense set forth in Your Answer to Taco's Complaint, describe the factual basis for Your defense, and identify all communications, documents and other facts that You believe support, refer or relate to the defense.

**INTERROGATORY NO. 6:** Identify each and every proceeding to which You are or have been a party, including all court, arbitration and mediation proceedings, in which insurance coverage was denied and/or limited based upon the Biological Agents Exclusion or any similarly worded provision continued in Your insurance policies. For each such proceeding, state the parties' names and respective counsel, where the proceeding is or was pending, its civil action or other identification number and the status of the proceedings, including any disposition or resolution that has resulted.

Dated: New York, New York
June 4 2007

TACO, INC.
By Its Attorneys,

PATRIDGE SNOW & HAHN, LLP

By: *s/ Carolyn P. Medina*

Robert K. Taylor (#6514)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, Rhode Island 02903
(401) 861-8200
(401) 861-8210 (Fax)
rkt@psh.com
cpm@psh.com

#706317 v2 \18180 \001

Of Counsel:

Edward P. Gilbert, Esq.
MORRISON COHEN LLP
909 Third Avenue
New York, New York 10022
(212) 735-8600
(212) 735-8708 (Fax)
egilbert@morrisoncohen.com

**Certificate of Service**

I hereby certify that on the 4th day of June, 2007 a copy of the foregoing Plaintiff's First Set of Interrogatories was served by Federal Express to:

Mark A. Pogue, Esq.
EDWARDS ANGELL PALMER & DODGE, LLP
2800 Financial Plaza
Providence, Rhode Island 02903

Edward P. Gilbert

#706317 v2 \18180 \001