# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TACO, INC., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 07-027-S |
| FEDERAL INSURANCE COMPANY | : | |
| Defendants. | : | |

**DEFENDANT FEDERAL INSURANCE COMPANY'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to F. R. Civ. P. 34, defendant Federal Insurance Company ("Federal") herewith responds to Plaintiff's first request for production of documents ("Production Requests").

**General Objections Applicable To All Requests**

1. Federal objects to Plaintiff's Production Requests to the extent that they seek information which is not reasonably calculated to lead to the discovery of admissible evidence, and is therefore irrelevant to the disposition of this action.

2. Federal objects to Plaintiff's Production Requests to the extent the Production Requests seek information which is extrinsic to the Federal insurance contracts.

3. Federal objects to Plaintiff's Production Requests to the extent they seek information already within Plaintiff's possession, knowledge or control.

4. Federal objects to Plaintiff's Production Requests to the extent they request disclosure of sensitive or confidential information, which may be subject to an applicable privilege, rule of confidentiality or protective order.

5. Federal objects to Plaintiff's Production Requests to the extent they seek information protected by the attorney-client or attorney work-product doctrine or any other applicable privilege. Certain documents produced herewith have been redacted to prevent the disclosure of such information.

6. Federal objects to Plaintiff's Production Requests to the extent they are premature and/or seek information or documents that are at this point inaccessible or yet to be discovered.

7. Federal objects to Plaintiff's Production Requests to the extent that they seek information or documents that are unreasonably cumulative or duplicative, or information or documents as easily obtainable by Plaintiff from another, more convenient, less burdensome and/or less expensive source.

8. Federal objects to Plaintiff's Production Requests to the extent that they seek information or documents that no longer exist.

9. Federal objects to Plaintiff's Production Requests to the extent that they are vague and/or ambiguous.

10. Federal objects to Plaintiff's Production Requests to the extent that they do not identify the information sought with reasonable particularity.

11. Federal objects to Plaintiff's Production Requests as overbroad and unduly burdensome to the extent that they are not limited in time and/or seek information beyond the relevant time period involved in this action.

12. Federal objects to Plaintiff's Production Requests as overbroad and unduly burdensome to the extent that they seek information concerning policyholders other than Plaintiff, claims other than those at issue in this action, policies other than those referenced in Plaintiff's Complaint, or policy language other than that contained in the policies referenced in

the Complaint. Federal has limited its answers to information relevant to the allegations contained in Plaintiff's Complaint.

13. Federal objects to Plaintiff's Production Requests to the extent they seek discovery of trade secrets or otherwise confidential and/or proprietary business information.

**Responses To Individual Requests**

1. All documents referring or relating to your decision to deny coverage regarding Taco's claim for coverage, indemnification and costs of defense.

**Response:** See the documents numbered F001-F032, produced herewith. See also the Policies.

2. All documents referring or relating to the Biological Agents Exclusion.

**Response:** Objection. This request is overly broad, unduly burdensome, unfocused, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Federal will produce all documents from the Taco underwriting file, subject to an appropriate protective order, which refer to the Biological Agents Exclusion.

3. All documents relating to the Policies.

**Response:** Objection. This request is overly broad, unduly burdensome, unfocused, and not reasonably calculated to lead to the discovery of admissible evidence.

4. All documents relating to the negotiation and sale of the Policies to Taco.

**Response:** Objection. This request is overly broad, unduly burdensome, unfocused, and not reasonably calculated to lead to the discovery of admissible evidence.

5. All documents relating to the establishment of reserves in connection with this action and/or Taco's claims and/or the Lawsuit.

**Response:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence.

6. All documents relating to applications for the Policies.

**Response:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Federal will produce all documents from the Taco underwriting file, subject to an appropriate protective order, which refer to the Biological Agents Exclusion.

7. All documents relating to the underwriting of the Policies.

**Response:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Federal will produce all documents from the Taco underwriting file, subject to an appropriate protective order, which refer to the Biological Agents Exclusion.

8. All claims files relating to Taco.

**Response:** Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see the documents numbered F001-F032, produced herewith.

9. Any and all documents showing premiums that Taco paid pursuant to the terms of the Policies.

**Response:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Federal refers Taco to the declarations pages of the policies at issue.

10. All documents that discuss, comment upon, or relate in any manner to insurance coverage for your past or present policyholders, with respect to claims or actions, such as those at issue in this litigation, that relate to the Biological Agents Exclusion of other similarly worded provisions contained in your insurance policies.

**Response:** Objection. This request is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

11. Any and all documents that, in any way, evidence, refer to, or relate to the meaning, application, or interpretation of the Biological Agents Exclusion. This request includes, but is not limited to, documents evidencing or relating to communications regarding these subjects with any person (e.g., your representatives, employees, officers, or agents; representatives, employees, officers or agents of (1) another insurance company, (2) any insurance broker, (3) Taco, (4) any of your other past or present policyholders, (5) any insurance trade association, etc.) This request also includes, but is not limited to, the minutes or reports of any insurance trade association or any formal or informal committee or subcommittee of any insurance trade association regarding this subject.

**Response:** Objection. This request is vague, ambiguous, overly broad, unduly not reasonably calculated to lead to the discovery of admissible evidence.

12. Any and all documents that, in any way, discuss, comment on, refer to, relate to, or tend to show whether you have accepted or denied insurance coverage for claims or actions relating to the Biological Agents Exclusion or others similarly worded provisions contained in your insurance policies, such as those at issue in this litigation, made against any other of your past or present policyholders.

**Response:** Objection. This request is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

13. Any and all documents that, in any way, discuss, comment on, refer to, relate to, or contain information concerning your potential financial exposure resulting from: (a) the Lawsuit; and (b) any actions, in which you have denied coverage based upon the Biological Agents Exclusion or any similarly worded provisions contained in your insurance policies against any of your other past or present policyholders.

**Response:** Objection. This request is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

14. All claims files in which you have denied claims based upon the Biological Claims Exclusion or other similarly worded provisions contained in your insurance policies.

**Response:** Objection. This request is vague, ambiguous, overly broad, unduly not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Federal has no means of researching this request other than through a manual review of its claim files.

15. Your internal guidelines, policies, manuals, directives, procedures and other documents and materials relating to the underwriting of general liability insurance policies used or intended for use at any time during the Relevant Time Period.

**Response:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence.

16. Your internal guidelines, policies, manuals, directives, procedures and other documents relating to the underwriting of commercial excess and umbrella insurance policies used or intended for use at anytime during the Relevant Time Period.

**Response:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence.

17. Documents sufficient to show the organization of your underwriting department, claim department and each division or section thereof.

**Response:** Objection. This request is vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.

18. Any and all promotional brochures, advertisements, and comparable documents that describe the insurance products and services offered to you.

**Response:** Objection. This request is vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.

19. All documents that evidence, constitute, refer or relate to your practices, policies, requirements, and procedures concerning the handling, adjustment, investigation, and processing of claims under general liability insurance policies, including claims manuals, claim handling manuals, instructional manuals, training manuals and policy manuals.

**Response:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence.

20. All documents that evidence, constitute, refer or relate to your practices, policies, requirements, and procedures concerning the handling, adjustment, investigation, and processing of claims under commercial excess and umbrella insurance policies.

**Response:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence.

21. All documents that evidence, constitute, refer, or relate to any investigation conducted by you or on your behalf concerning the Lawsuit.

**Response:** See response to no. 1.

22. All documents that evidence, constitute, refer, or relate to any coverage position taken, by you with respect to the Lawsuit.

**Response:** See response to no. 1.

23. All documents that evidence, constitute, refer, or relate to any communications between you and any person, including other insurance carriers, insurance agents or brokers, and claims adjusters or loss adjusters, concerning the Lawsuit.

**Response:** See response to no. 1.

24. All communications among your employees, agents or representatives regarding the Policies.

**Response:** Objection. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see Federal's response to no. 1 above.

25. All communications among your employees, agents or representatives regarding the Lawsuit.

**Response:** Objection. This request is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see Federal's response to no. 1 above.

26. All documents that evidence, constitute, refer or relate to any opinions you have received as to whether either of the Policies provides any coverage for any part of the Lawsuit.

**Response:** Federal is not in possession of any formal legal opinions on this topic.

27. All documents that support your denial of paragraph 23 of Taco's Complaint in your Answer.

**Response:** See response to no. 1 above.

28. All documents that support your denial of paragraph 24 of Taco's Complaint in your Answer.

**Response:** See foregoing response.

29. All documents that support your denial of paragraph 25 of Taco's Complaint in your Answer.

**Response:** See foregoing response.

30. All documents that support your First Affirmative Defense.

**Response:** See foregoing response.

31. All documents that support your Second Affirmative Defense.

**Response:** Federal will produce responsive documents which can be located after a reasonable and diligent search.

32. All documents that support your Third Affirmative Defense.

**Response:** See response to request no. 1.

33. All documents that support your Fourth Affirmative Defense.

**Response:** See response to request no. 1.

34. Copies of all expert reports that you have received from (a) any other party, or (b) any person whom you have retained as an expert, in connection with this litigation.

**Response:** Objection. Discovery of expert reports is governed by the Federal Rules of Civil Procedure. Federal will comply with these Rules. Without waiving this objection, Federal states that it is not presently in possession of any expert report.

35. Any and all document retention or document destruction policies and procedures in effect at your company.

**Response:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence.

FEDERAL INSURANCE COMPANY,

By Its Attorneys,

Mark A. Pogue #3441
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401.274.9200
Fax 401.276.6611

**Certificate of Service**

I hereby certify that on the 10th day of ~~July~~ August, 2007 a copy of the foregoing Defendant Federal Insurance Company's Responses To Plaintiff's First Request For Production of Documents was served by first class mail, postage prepaid to:

Robert K. Taylor, Esq.
180 South Main Street
Providence, RI 02903

Edward P. Gilbert, Esq.
Morrison Cohen LLP
909 Third Ave.
New York, NY 10022

[signature]



PRV_895671_1/MPOGUE