# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TACO, INC., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 07-027-S |
| FEDERAL INSURANCE COMPANY | : | |
| Defendants. | : | |

**DEFENDANT FEDERAL INSURANCE COMPANY'S**
**RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to F.R. Civ. P. 33, defendant Federal Insurance Company ("Federal") herewith responds to Plaintiff's first set of interrogatories.

**General Objections Applicable To All Interrogatories**

1. Federal objects to Plaintiff's Interrogatories to the extent that they seek information which is not reasonably calculated to lead to the discovery of admissible evidence, and is therefore irrelevant to the disposition of this action.

2. Federal objects to Plaintiff's Interrogatories to the extent they seek information already within Plaintiff's possession, knowledge or control.

3. Federal objects to Plaintiff's Interrogatories to the extent they request disclosure of sensitive or confidential information, which may be subject to an applicable privilege, rule of confidentiality or protective order.

4. Federal objects to Plaintiff's Interrogatories to the extent they seek information protected by the attorney-client privilege or attorney work-product doctrine or any other applicable privilege.

5. Federal objects to Plaintiff's Interrogatories to the extent they are premature and/or seek information or documents that are at this point inaccessible or yet to be discovered.

6. Federal objects to Plaintiff's Interrogatories to the extent they seek information or documents that are unreasonably cumulative or duplicative, or information or documents as easily obtainable by Plaintiff from another, more convenient, less burdensome and/or less expensive source.

7. Federal objects to Plaintiff's Interrogatories to the extent that they seek information or documents that no longer exist.

8. Federal objects to Plaintiff's Interrogatories to the extent that they are vague and/or ambiguous.

9. Federal objects to Plaintiff's Interrogatories to the extent that they do not identify the information sought with reasonable particularity.

10. Federal objects to Plaintiff's Interrogatories as overbroad and unduly burdensome to the extent that they are not limited in time and/or seek information beyond the relevant time period involved in this action.

11. Federal objects to Plaintiff's Interrogatories as overbroad and unduly burdensome to the extent that they seek information concerning policyholders other than Plaintiff's, claims other than those at issue in this action, policies other than those referenced in Plaintiff's Complaint, or policy language other than that contained in the policies referenced in the Complaint. Federal has limited its answers to information pertaining to the allegations contained in the two Federal policies referenced in Plaintiff's First Amended Complaint.

12. Federal objects to Plaintiff's Interrogatories to the extent they seek discovery of trade secrets or otherwise confidential and/or proprietary business information.

**Responses To Individual Interrogatories**

1. For each of the Policies, identify each person who was involved in the respective Policy's underwriting and describe each such person's involvement.

**Response:** Since 2002, Lana Cranston has had primary responsibility at Federal for the underwriting function of Taco's Commercial Liability ("primary") insurance policy. Ms. Cranston was involved with the addition in 2003 to Taco's primary policy of the endorsement containing the Biological Agents exclusion.

In 2002 and subsequently, Marlo Edwards had primary responsibility at Federal for the underwriting function of Taco's Commercial Excess And Umbrella Liability Casualty ("umbrella") insurance policy. Ms. Edwards was involved with Taco's umbrella policy and the endorsement containing the Biological Agents exclusion. In 2007, Ms. Edwards went on maternity leave and she has not returned to work. For the 2006-07 policy year, Ms. Edwards' responsibilities with respect to the umbrella policy were assumed by Thomas Nosek. For the 2007-08 policy year, her responsibilities were assumed by Marie Wynne.

2. Identify each person involved in drafting or formulating each of the Policies, describe the process by which each Policy's language was drafted or formulated, and identify any preprinted form or standard form policy language (including its source) that was selected for inclusion in the Policies.

**Response:** Objection. This interrogatory is overly broad, unfocused, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Federal states that Lana Cranston and Marlo Edwards were involved on behalf of Federal with the process by which the Biological Agents exclusion was added to Taco's policies. The Biological Agents exclusion was added to the primary policy through Federal Form 80-02-2668, beginning with the 2003-04 policy year. The Biological Agents exclusion was added to the umbrella policy through Federal Form 07-02-1692, beginning

with the 2003-04 policy year. Both endorsements were authorized by Robert Hamburger of Federal. Federal will conduct a reasonable review to ascertain whether the individual(s) who drafted the Biological Agents exclusion can be identified.

3. In connection with the Lawsuit, describe any investigation, claims handling and coverage determination processes you undertook, identify each person who has or had any involvement in or responsibility for any such investigation, claims handling and coverage determination processes, an describe each such person's involvement or responsibility.

<u>Response</u>: After Taco submitted a claim and made Federal aware of the Lawsuit, Federal conducted a review to determine whether the claim was covered under the primary or umbrella insurance policies owned by Taco. To varying degrees, the following Federal personnel participated in the coverage determination process:

Michael P. Keller, Litigation Examiner/Adjuster
1330 Post Oak Rd.
Houston, TX 77056-3051

Mr. Keller was involved in developing Federal's coverage position with respect to the claim submitted by Taco.

Tambria Hanson, Supervisor
1330 Post Oak Rd.
Houston, TX 77056-3051

Ms. Hanson was involved in developing Federal's coverage position with respect to the claim submitted by Taco.

Isolina G. Coleman
Regional Technical Supervisor
1330 Post Oak Rd.
Houston, TX 77056-3051

Ms. Coleman worked with Mike Keller in developing Federal's coverage position.

David Bissell
Zonal
1330 Post Oak Rd.
Houston, TX 77056-3051

Mr. Bissell reviewed the coverage position developed by Federal.

Bryan C. Clements
Chubb Business Consultant
One Financial Center
Boston, MA 02111

Mr. Clements reviewed the coverage position developed by Federal.

In addition, Lana Cranston was consulted in connection with Federal's coverage determination.

4. For each of the Policies, identify each Policy provision that you contend applies to exclude or limit coverage in connection with Taco's claims for coverage relating to the Lawsuit and, for each identified provision, state the factual basis for your contention that the provision excludes or limits coverage.

**Response:** The plaintiffs in the Lawsuit allege that they sustained personal injuries because of exposure to biological agents (in particular, Legionella bacilli). Both Taco's primary and umbrella policies contain endorsements which exclude coverage for personal injuries arising out of the "properties of biological agents," where the term "biological agents" is defined to include bacteria. As a result, the policies do not provide coverage for the Lawsuit.

5. For each affirmative or other defense set forth in your answer to Taco's Complaint, describe the factual basis for your defense, and identify all communications, documents and other facts that you believe support, refer or relate to the defense.

**Response:** Federal's first, third and fourth affirmative defenses all relate to the fact that Taco's insurance with Federal does not cover personal injuries arising out of the properties of biological agents, as described in the foregoing answer.

6. Identify each and every proceeding to which you are or have been a party, including all court, arbitration and mediation proceedings, in which insurance coverage was denied and/or limited based upon the Biological Agents Exclusion or any similarly worded provision continued in your insurance policies. For each such proceeding, state the parties' names and respective counsel, where the proceeding is or was pending, its civil action or other identification number and the status of the proceedings, including any disposition or resolution that has resulted.

**Response:** Objection. This request is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. In any event, Federal has no means of retrieving the requested information without a manual review of all of its files.

I, MICHAEL P. KELLER hereby state that I have read the foregoing responses to Interrogatories propounded to Federal Insurance Company; that I verify the foregoing responses to said Interrogatories for and on behalf of Federal Insurance Company, and that I am duly authorized to do so; that certain of the matters stated in the foregoing responses to Interrogatories are not within my personal knowledge and that the facts stated in said response have been assembled by authorized employees of Federal Insurance Company and I am informed that the facts stated in said responses are true and correct to the best of their knowledge.

Michael P. Keller

Subscribed and sworn to this 14 day of August, 2007.

Vita Fetterman
Notary Public
My Commission Expires:

VITA FETTERMAN
Notary Public, State of Texas
My Commission Expires
August 01, 2009

As to objections:

Mark A. Pogue

Mark A. Pogue #3441
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401.274.9200
Fax 401.276.6611