# EXHIBIT E

MorrisonCohen LLP

Edward P. Gilbert
Partner
(212) 735-8675
egilbert@morrisoncohen.com

August 16, 2007

**VIA FEDERAL EXPRESS**

Mark A. Pogue, Esq.
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, Rhode Island 02903

Re: Taco, Inc. v. Federal Insurance Company
C.A. No. 07-027-S-LDA

Dear Mark:

I am in receipt of Federal's Response to Plaintiff's First Request for Production of Documents and Federal's Responses to Plaintiff's First Set of Interrogatories. I write to request that Federal (a) produce all documents responsive to Taco's Document Request; and (b) fully respond to Interrogatory 6. Federal's sweeping objections are improper in that Federal is essentially taking the position that Taco is not entitled to information that is plainly relevant under the Federal Rules of Evidence. If responsive documents and other information exists, such discovery will be properly admissible at trial and easily satisfy Federal Rule of Civil Procedure 26's standard of relevance for purposes of pretrial discovery.

Document Request No. 5, relating to the establishment of reserves, and Document Request No. 13, relating to Federal's potential financial exposure in this Action and others in which Federal has denied coverage based upon the Biological Agents Exclusion, both easily satisfy the broad scope of discovery under Rule 26. Such information will clearly shed light on Federal's internal assessment of its defense to coverage. Accordingly, responsive documents are clearly relevant to the subject matter involved in this action and is calculated to lead to admissible evidence.

Document Request Nos. 10, 12 and 14 and Interrogatory 6 relate to Federal's insurance coverage position concerning the key contractual provision in this action, the Biological Agents Exclusion. This information is relevant, *inter alia*, to examine whether Federal has acted in a consistent manner in resolving claims where the same or similar policy language was involved. Thus, these discovery requests are calculated to lead to the discovery of admissible evidence and Taco is clearly entitled to receive such information.

Document Request No. 11 called upon Federal to produce "documents that, in any way, evidence, refer to, or relate to the meaning, application or interpretation of the Biological Agents Exclusion." The resolution of this action turns on the meaning, application and interpretation of

#895426 v1 \18180 \003

MorrisonCohen LLP

Mark A. Pogue, Esq.
August 16, 2007
Page 2

the Biological Agents Exclusion. Federal's blanket objection to producing documents is without merit.

Document Request Nos. 15, 16, 19 and 20 are straightforward requests that seek, among other documents, Federal's underwriting and claims manuals. These manuals are germane to the interpretation of the Policies at issue as well as the Biological Agents Exclusion and, accordingly, they should be produced.

Taco's request for documents sufficient to show the organization of Federal's underwriting and claims department, Document Request No. 17, is a standard, reasonable request that will help identify individuals who will have knowledge of the issues in this case. The production of such documents including organizational charts would not be burdensome to Federal.

Document Request No. 35 calls upon Federal to produce any and all document retention or document destruction policies and procedures. Rule 26(b)(1) expressly allows parties to obtain discovery regarding any matter "including the existence, description, nature, custody, condition, and location of any ... documents." The production of document retention/destruction policies are, therefore, expressly contemplated by Rule 26.

As to the remainder of Taco's requests, I ask that Federal endeavor to fully respond to those requests as well.

This letter is not intended to represent all of Taco's objections to Federal's responses. Hence, Taco reserves the right to make additional and, if necessary, more formal objections should the need arise. I hope that we can confer in good faith in order to avoid motion practice.

Please note that we have a discovery cut-off date that is approaching. We should discuss adjusting the relevant dates soon.

Very truly yours,

Edward P. Gilbert

cc: Carolyn P. Medina, Esq. (via Federal Express)

#895426 v1 \18180 \003