**EXHIBIT A**

1. Produce a witness to admit or deny that Federal has set a reserve in connection with this action and, if admitted, to explain how the reserve figure was determined, and by whom.

2. Produce a witness to describe the drafting history of the Biological Agents Exclusion as that term is defined in Plaintiff's First Request for Production of Documents.

3. Produce a witness to describe Federal's claims management system(s), including the types of information contained in such system(s), and how such information can be searched and retrieved.

4. Produce a witness to admit or deny that Federal has been a party to other litigations that relate to the Biological Agents Exclusion or other similarly worded provisions contained in your insurance policies.

5. Produce a witness to admit or deny that Federal has the ability, through a computer system or otherwise, to determine if it has been a party to other litigations that relate to the Biological Agents Exclusion or other similarly worded provisions contained in your insurance policies.

6. Produce a witness who can testify about all efforts Federal has undertaken to locate documents responsive to Plaintiff's First Request for Production of Documents.

7. Produce a witness to testify concerning Federal's directives, guidelines, policies or procedures relating to the retention of or destruction of the documents specified to be produced in response to Plaintiff's First Request for Production of Documents.

8. Produce a witness to admit or deny that there exist other claims files in which you have denied claims based upon the Biological Agents Exclusion or other similarly worded provisions contained in your insurance policies.

9. Produce a witness to explain the organization of your underwriting department, claim department and each division or section thereof.

10. Produce a witness most knowledgeable concerning Federal's decision to not defend Plaintiff in the Lawsuit.[1]

11. Produce a witness most knowledgeable concerning Federal's decision to deny Plaintiff's claims for indemnification and coverage in connection with the Lawsuit.

12. Produce a witness to identify the location of any and all documents in Federal's possession that in any way evidence, refer to, or relate to the meaning, application, or interpretation of the Biological Agents Exclusion.

13. Produce a witness to admit or deny that Federal has handled, adjusted, investigated or processed claims under general liability insurance policies and/or commercial excess and umbrella policies for injury or damage caused by Legionnaire's Disease.

14. Produce a witness to identify the location of any and all documents in Federal's possession that in any way evidence, refer to, or relate to claims for injury or damage caused by Legionnaire's Disease.

15. Produce a witness to explain Federal's practices, policies, requirements and procedures concerning the handling, adjustment, investigation and processing of claims under general liability insurance policies and/or commercial excess and umbrella insurance policies.

[1] The "Lawsuit" refers to the lawsuit commenced against Taco captioned as *Alfred Evans, et al. v. Griffin & Company, et al.*, pending in the 57th Judicial District Court of Bexar County, Texas.

16. Produce a witness to explain Federal's practices, policies, requirements and procedures concerning the handling, adjustment, investigation and processing of claims involving Biological Agents.

946314_1/2818-25