UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TACO, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | C.A. No. 07-027-S |
| FEDERAL INSURANCE COMPANY | : | |
| | : | |
| Defendants. | : | |

**OBJECTION**

Defendant Federal Insurance Company hereby objects to plaintiff Taco, Inc.'s Motion To Compel.

In support of this objection, the Court is respectfully referred to the accompanying memorandum and affidavit.

FEDERAL INSURANCE COMPANY,

By its Attorneys,

/s/ Mark A. Pogue

Mark A. Pogue #3441
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401.274.9200
Fax 401.276.6611

**Certificate of Service**

I hereby certify that on the 22nd day of October, 2007 a copy of the foregoing Defendant Federal Insurance Company's Objection To Plaintiff's Motion To Compel was served by ECF:

Robert K. Taylor, Esq.
180 South Main Street
Providence, RI 02903

Edward P. Gilbert, Esq.
Morrison Cohen LLP
909 Third Ave.
New York, NY 10022

/s/ Mark A. Pogue

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TACO, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | C.A. No. 07-027-S |
| FEDERAL INSURANCE COMPANY | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT FEDERAL INSURANCE COMPANY'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL**

Defendant Federal Insurance Company ("Federal") submits this memorandum in support of its objection to the Motion To Compel filed by plaintiff Taco Inc. ("Taco"). As shown below, Taco's motion should be denied because the discovery requests at issue are overly broad, unduly burdensome, and are not reasonably calculated to lead to the discovery of admissible evidence.

**Factual Background**

This is a declaratory judgment action. Taco seeks a declaration that Federal must defend and indemnify it against any losses Taco incurs as a result of certain personal injury litigation presently pending in Texas. Taco's claim for a defense and indemnification arises under two policies of insurance (the "Policies") Federal issued to Taco. Each of the Policies contains a provision excluding coverage for bodily injuries arising out of biological agents (the "Biological Agents Exclusion"). Before this litigation was filed, Federal denied Taco's claim for coverage pursuant to that exclusion.

In June 2007, Taco served a set of interrogatories and document requests on Federal. Federal objected to many of these requests because they are overly broad, unduly burdensome,

unfocused, and not reasonably calculated to lead to the discovery of admissible evidence. But Federal nonetheless produced more than 600 pages of documents in response to Taco's document requests, including its entire claim file in this matter. In addition, Federal produced any document from its files on Taco which refers or relates to the Biological Agents Exclusion at issue in this case.

## Argument

Federal sets forth below a discussion of the discovery requests at issue in this motion. As shown below, Federal's objections to the disputed requests are valid and should be upheld.

### A. Requests for Information Regarding Federal's Reserves

In its document requests number 5 and 13, Taco requests documents relating to the amount of reserves Federal has established in connection with this lawsuit. Federal objected to these requests because they are not reasonably calculated to lead to the discovery of admissible evidence.

In its motion papers, Taco cites several cases in which courts have ordered the disclosure of information concerning an insurer's loss reserves.[1] According to Taco, these cases illustrate that, in circumstances "similar" to this case, other courts have ordered disclosure of loss reserve information. Taco Mem., p. 3.

Taco's argument is misguided because the cases it relies on are not "similar" to this case. The cases cited by Taco involve claims by a plaintiff that its insurer had acted in bad faith in responding to the plaintiff's claim. In such bad faith cases, loss reserve information may be relevant to show the insurer's state of mind. See, e.g., Bernstein, 447 F.Supp.2d at 1116. For example, if an insurer refuses to pay on an insured's claim yet sets aside a large loss reserve, the

---

[1] Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100 (N.D. Cal. 2006); United States Fire Ins. Co. v. Bunge N. Am., Inc., 2007 U.S. Dist LEXIS 53729 (D. Kan.); Brand Mgt., Inc. v. Maryland Cas. Co., 2006 U.S. Dist. LEXIS 40205 (D. Col.); Federal Ins. Co. v. Southwestern Wire Cloth, Inc., 1996 U.S. LEXIS 22001 (N.D. Okl.).

reserve information could be relevant to show that the insurer's denial of coverage was made in bad faith.

But these considerations have no relevance to this case. That is because Taco does not allege that Federal has acted in bad faith. Instead, Taco alleges simply that Federal has breached its contracts – the Policies – to provide a defense and indemnification. See Complaint ¶¶ 30-34. Because there is no bad faith claim in this case, Federal's state of mind is not in issue, with the result that its loss reserve information is irrelevant. The cases that have so held are legion. See, e.g., Fidelity & Deposit Co. of Md. v. McCulloch, 168 FRD 516 (E.D.Pa. 1996) (citing a long line of cases that "stress the tenuous link between reserves and actual liability"); Rhone-Poulene Rorer Inc. v. Home Indemnity Co., 139 FRD 609, 613 (E.D. Pa. 1991) (finding reserve information tenuous at best and therefore not discoverable); Union Carbide Corp. v. Travelers Indem. Co., 61 FRD 411, 413 (W.D.Pa. 1973) (holding reserve information amounts to mere opinions and conclusions, and are therefore not discoverable).

Despite the fact that it does not allege bad faith on the part of Federal, Taco argues that information relating to Federal's reserves is discoverable because it may "reveal[] a lack of good faith." Taco Mem., p. 4. But Taco does not even argue -- let alone demonstrate -- why Federal's state of mind is relevant in a simple breach of contract case. Its argument therefore fails. See Marker v. Union Fidelity Life Ins. Co., 125 FRD 121, 125 (M.D.N.C. 1989) ("Mere incantations that an opponent has acted in bad faith will not convert a simple contract lawsuit into a license to burden or harass one's adversary.")

**B. Information Relating To Other Claims Involving The Biological Agents Exclusion**

Taco's document requests number 10, 12 and 14 seek documents relating to claims submitted by other Federal policyholders involving the Biological Agents Exclusion. Federal

objected to these requests because they are overly broad, unduly burdensome, and are not reasonably calculated to lead to the discovery of admissible evidence.

To begin with, Federal does not maintain a database or index which indicates whether a particular exclusion (such as the Biological Agents Exclusion) is involved in a claim. For this reason, Federal has no means of identifying claim files and other documents which involve the Biological Agents Exclusion other than by manually reviewing each of the many thousands of claim files in its possession. Affidavit of Scott Langford ("Langford Aff."), 3.[2] Undertaking this gargantuan task would require the expenditure of countless hours of labor. Id. Taco's requests for information concerning other policyholders' claims involving the Biological Agents Exclusion should therefore be denied merely because attempting to respond to the requests would be unfairly and unduly burdensome.

Moreover, even if such documents could be identified without undue burden, they would not be discoverable because they are not likely to lead to the discovery of admissible evidence. Federal has already produced all documents from Taco's file which refer or relate to the Biological Agents Exclusion. Taco has made no showing – indeed, it has not even advanced any argument – to the effect that information from other policyholders' files is likely to bear on the present dispute. For example, Taco has cited no instance in which Federal interpreted the Biological Agents Exclusion in a manner that is inconsistent with its interpretation in this case. It has identified no claim which it contends is factually similar to the claim it has put in issue here. In the total absence of any evidence to suggest that the files of other policyholders would

[2] The Langford Affidavit Federal is filing herewith has been executed by Mr. Langford but has not yet been notarized. Federal will file a notarized version of this affidavit within the next several days.

contain anything remotely relevant to the instant dispute, these document requests must be denied for lack of relevance as well.[3]

**C. Underwriting and Claims Manuals**

Taco's document requests number 15, 16, 19 and 20 request all of Federal's underwriting and claims manuals. These requests are objectionable for several reasons.

First, in coverage disputes such as this one, unless an insurance contract contains an ambiguity, extrinsic evidence is irrelevant. Open Software Foundation Inc. v. United States Fidelity & Guaranty Co., 191 FRD 325, 328 (D.Mass. 2000). That is why, in all of the cases cited by Taco on this point, see Taco Mem., p. 7, the court relied on a preliminary showing by the insureds that an ambiguity in the contract existed before determining that extrinsic evidence was discoverable. See, e.g., Champion Int'l Corp. v. Liberty Mut. Ains. Co., 129 FRD 63, 67 (S.D.N.Y. 1990).

In this case, by contrast, Taco has failed to identify any ambiguity in the Policies that would justify resort to extrinsic evidence such as the claims and underwriting manuals. Taco's request for Federal's underwriting and claims manuals is just another fishing expedition, launched in the hope of coming up with anything useful. Rule 26 prohibits such unfocused discovery requests.

Moreover, these requests are clearly overbroad. The requests at issue call for all of Federal's "internal guidelines, policies, manuals, directives, procedures and other documents and materials" relating to the underwriting, investigation, adjustment and processing of all of Federal's general liability and excess insurance policies. See Taco Mem. p. 6, n.4. No attempt

[3] Taco's document request number 11 seeks any documents which "in any way, evidence, refer to, or relate to the meaning, application or interpretation of the Biological Agents Exclusion." This request would appear to encompass documents relating to any other policyholders' claims involving the Biological Agents Exclusion. Request No. 11 too is therefore objectionable for the reasons given above.

has been made by Taco to limit its requests to the materials actually used by Federal (if any) in the processing of Taco's claim. Indeed, no attempt has been made to limit the requests even to the types of materials (if any) used generally for processing claims involving the Biological Agents Exclusion. Rather, Taco's requests are broad and generalized, and seek all of Federal's guidelines, policies, directives, and manuals of any kind, regardless of their relevance to the Policies in dispute. For this reason also, Taco's motion to compel must be denied as to document requests number 15, 16, 19 and 20.

**D. Requests for Organizational Chart and Document Retention Policies**

In its document request number 17, Taco requests documents showing the organization of Federal's underwriting and claims department. In its request number 35, Taco seeks Federal's document retention policies. These requests are objectionable because they are not likely to lead to the discovery of admissible evidence. For example, there is no suggestion in this case that Federal has lost or destroyed any documents that should have been retained, or that its document retention policies have otherwise not been followed. Taco's requests once again, appear to stem from mere idle curiosity.

**E. Interrogatory Related To Other Claims And Lawsuits**

In its interrogatory number 6, Taco seeks detailed information concerning unrelated claims and lawsuits involving other policyholders and the Biological agents Exclusion. This interrogatory is objectionable for the reasons set out in part B above: Federal has no means of retrieving information concerning claims involving the Biological Agents Exclusion without a manual review of many thousands of claim files, see Langford Affidavit ¶ 3, and in any event such information is not reasonably calculated to lead to the discovery of admissible evidence.

**Conclusion**

For the foregoing reasons, Taco's motion to compel should be denied.

FEDERAL INSURANCE COMPANY,

By its Attorneys,

/s/ Mark A. Pogue
Mark A. Pogue #3441
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401.274.9200
Fax 401.276.6611

## Certificate of Service

I hereby certify that on the 22nd day of October, 2007 a copy of the foregoing Memorandum In Support of Defendant Federal Insurance Company's Objection To Plaintiff's Motion To Compel was served by ECF:

Robert K. Taylor, Esq.
180 South Main Street
Providence, RI 02903

Edward P. Gilbert, Esq.
Morrison Cohen LLP
909 Third Ave.
New York, NY 10022

/s/ Mark A. Pogue