# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TACO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY,<br><br>Defendant. | C.A. No. 07-027-S |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO COMPEL OF PLAINTIFF TACO, INC.

Plaintiff Taco, Inc. ("Plaintiff" or "Taco"), through counsel, replies to Defendant Federal Insurance Company's ("Defendant" or "Federal") opposition to Plaintiff's motion to compel as follows:

### A. Information Relating To Federal's Reserves In This Case Is Discoverable

In opposition, Federal (incorrectly) argues that because Taco has failed to demonstrate "why Federal's state of mind is relevant," information relating to the reserves Federal has set in this case are not discoverable. Federal Mem. at 3 (emphasis in original). Plainly stated, Federal's internal financial assessments are relevant because Rhode Island law states that they are relevant. Federal's argument is meritless because Rhode Island law unequivocally mandates that "[i]nsurers must deal with their insureds in good faith." *Metropolitan Prop. & Cas. Ins. Co. v. Barry*, 892 A.2d 915, 925 (R.I. 2006) (*citing Skaling v. Aetna Ins. Co.*, 799 A.2d 997, 1011 (R.I. 2002)). If Federal's reserve information reveals a lack of good faith, and concomitantly reveals that Federal has run afoul with the holdings of Rhode

Island's highest court, certainly that information reflecting its internal assessment is probative of whether or not Federal has breached its obligations to Taco.

Information relating to Federal's reserves is particularly relevant and important in this case given Federal's purported inability to provide any information about how it has interpreted the Biological Agents Exclusion in the past. Reserves data, and information about how reserves were determined in this case, may tell a different story. Taco should be permitted to explore whether, in setting reserves, Federal took into account its experience with the Biological Agents Exclusion, and to explore Federal's sources for that experience. That discovery is reasonably calculated to lead to the discovery of admissible evidence regarding the interpretation of the policy language, and is therefore relevant to Taco's breach of contract claim.

### B. Information Relating To The Biological Agent Exclusion Must Be Produced

In order to stonewall Taco with respect to discovery relating to claims submitted by other Federal policyholders[1] involving the key provision in this case, the Biological Agents Exclusion,[2] Federal makes two equally meritless arguments. First, Federal argues that it does not maintain a database allowing it to track whether the Biological Agents Exclusion is involved in the claim; thus, Federal argues that it would have to undertake a burdensome (according to Federal) manual review of claims files to respond to Taco's requests. Second, Federal argues that Taco has failed to make a showing that the requested information is reasonably calculated to lead to the discovery of admissible evidence.

[1] In its moving memorandum of law, Taco argued that Federal improperly posited a blanket objection to Document Request No. 11 which called upon Federal to produce "documents that, in any way, evidence, refer to, or relate to the meaning, application or interpretation of the Biological Agents Exclusion." Perhaps realizing just how improper it was to object to this entirely relevant request, Federal's opposition makes no mention of Document Request No. 11, thereby conceding its relevance. As such, Taco asks that documents responsive to Document Request No. 11 be produced as soon as possible.

[2] Unless otherwise noted, capitalized terms herein shall have the same meaning as the meaning ascribed to them in the Memorandum of Law In Support of Motion to Compel of Plaintiff Taco, Inc., dated October 2, 2007 ("Taco Mem.").

Addressing the latter argument first, Federal completely ignores the cases cited by Taco that squarely hold that documents relating to the handling of the claims of other insureds in connection with similar provisions are directly relevant to show that identical language has been afforded various interpretations by the insurer. *See Arkwright Mut. Ins. Co. v. National Union Fire Ins. Co.*, No. 90 Civ. 7811, 1993 U.S. Dist. LEXIS 14986 (S.D.N.Y. Oct. 26, 1993); *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101 (D.N.J. 1990).

Moreover, Federal has the audacity to argue that "Taco has cited no instance in which Federal interpreted the Biological Agents Exclusion in a manner that is inconsistent with its interpretation in this case." Federal Mem. at 4. Federal's argument seeks to stand Rule 26 discovery on its head. Indeed, the reason for Taco's "failure" to cite an instance where Federal has interpreted the provision inconsistently is exactly *because* Federal has improperly refused to provide Taco with the discovery relating to the Biological Agents Exclusion. Taco need not cite another instance; instead, Taco merely must show that the discovery is designed to lead to the discovery of admissible evidence. Cases such as *Arkwright* and *Nestle Foods* clearly demonstrate that Document Request Nos. 10, 12 and 14 and Interrogatory No. 6 are calculated to lead to admissible evidence under Rule 26's broad scope of discovery.

With regard to Federal's former argument relating to its failure to maintain a database to track claims involving the Biological Agents Exclusion, Federal's argument seems dubious. To begin, a "database" may not be the only way to obtain the requested information. For example, surely Federal must maintain contact information for the various attorneys it uses in coverage disputes. A straightforward email to counsel asking them to provide information concerning other litigations in which Federal has litigated over the Biological Agents Exclusion certainly would not require "countless hours of labor." Federal could similarly solicit

information from its own claims managers. Federal must make a good faith attempt at complying with the discovery request. Merely interposing an objection of undue burden is insufficient.

Further, because Federal refused to engage in any meaningful discussion in an effort to resolve these discovery disputes,[3] the parties have not had an opportunity to discuss narrowing the request temporally. Nevertheless, the requested information is clearly relevant to this dispute and must be produced.

**C. <u>Underwriting And Claims Manuals Must Be Produced</u>**

In opposition to Taco's motion to compel, Federal argues that Taco's requests for underwriting and claims manuals -- standard discovery in any coverage litigation -- are objectionable because "Taco has failed to identify any ambiguity in the Policies." Federal Mem. at 5. Federal's misplaced argument ignores the realities of this case, if not nearly every coverage litigation. Whether or not the language contained in the Policies is or is not ambiguous will be determined at the summary judgment stage of this case. At the discovery stage, the contrasting interpretations of the Policies being proffered by the parties to this dispute are sufficient to make the underwriting and claims manuals, documents that could reveal drafting history and provide information relating to how Federal handled similar claims, clearly discoverable. Indeed, numerous courts have held that this type of extrinsic evidence is discoverable *before* there has been any determination as to whether the insurance policy at issue is ambiguous. *See, e.g., Champion Int'l Corp. v. Liberty Mut. Ins. Co.*, 129 F.R.D. 63, 67 (S.D.N.Y. 1989); *Leksi, Inc. v. Federal Ins. Co.*, 129 F.R.D. 99, 104 (D.N.J. 1989). Plaintiff is, therefore, entitled to discover Federal's underwriting and claims manuals.

---

[3] Taco's moving memorandum of law details the multiple efforts it made to confer in good faith with Federal in connection with these discovery issues. Taco Mem. at 2.

**D. <u>Federal's Organizational Charts Must Be Produced</u>**

Federal does not even attempt to argue that its organizational charts are irrelevant to this case other than merely contending, in the most conclusory fashion, that the request is "not likely to lead to the discovery of admissible evidence." Federal Mem. at 6. The fact remains that Taco's request for documents sufficient to show the organization of Federal's underwriting and claims department, Document Request No. 17, is a standard, reasonable request that will help identify individuals who will have knowledge of the issues in this case. As noted in Taco's moving memorandum but completely ignored by Federal, federal courts routinely require the production of such organizational charts. *See Discover Fin. Servs., Inc. v. Visa U.S.A., Inc.*, No. 04 Civ. 7844, 2006 U.S. Dist. LEXIS 43675, at *6 (S.D.N.Y. June 20, 2006); *Satchell v. FedEx Express*, No. C 03-02659, 2006 U.S. Dist. LEXIS 76246 (N.D. Cal. Oct. 6, 2006).

**E. <u>Discovery Of Document Retention Policies Are Expressly Contemplated By The Federal Rules</u>**

Federal Rule of Civil Procedure 26(b)(1), expressly allows parties to obtain discovery regarding any matter "including the existence, description, nature, custody, condition, and location of any … documents." Accordingly, Taco's Documents Request No. 35, calling for the production of document retention/destruction policies, is expressly contemplated by Rule 26. *See Doe v. District of Columbia*, 230 F.R.D. 47, 56 (D.D.C. 2005). Contrary to Federal's assertion, such a document request is not based upon "mere idle curiosity," but is grounded upon the Federal Rules and the case law interpreting them.

## CONCLUSION

Taco respectfully requests that the Court issue an order compelling Federal to fully respond to the document requests and interrogatory set forth herein along with such other and further relief as the Court may deem appropriate.

TACO, INC.

By Its Attorneys,

PATRIDGE SNOW & HAHN LLP

/s/ Robert K. Taylor
Robert K. Taylor (#6514)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
rkt@psh.com
cpm@psh.com

DATED: November 5, 2007

Of counsel:

Edward P. Gilbert, Esq.
MORRISON COHEN LLP
909 Third Avenue
New York, New York 10022
(212) 735-8600
(212) 735-8708 FAX
egilbert@morrisoncohen.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO COMPEL OF PLAINTIFF TACO, INC. was filed with the Clerk of the United States District Court for the District of Rhode Island this 5th day of November, 2007 and is available for viewing and downloading to the following ECF registered counsel of record:

Mark A. Pogue, Esq. / Edwards Angell Palmer & Dodge, LLP
mpogue@eapdlaw.com

/s/ Robert K. Taylor

948940_1/2818-25