UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TACO, INC. | : | |
| | : | |
| v. | : | C.A. No. 07-27S |
| | : | |
| FEDERAL INSURANCE COMPANY | : | |

**MEMORANDUM AND ORDER**

Before me for determination (28 U.S.C. § 636(b)(1)(A); LR Cv 72) is Plaintiff's Motion to Compel full and complete responses to several of its document requests and Interrogatory No. 6. (Document No. 13). Defendant objects on the grounds that the discovery requests at issue are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. (Document No. 16). A hearing was held on November 7, 2007. For the reasons discussed below, Plaintiff's Motion to Compel is GRANTED in part and DENIED in part as specified herein.

**Background**

This is an insurance coverage dispute arising out of commercial liability policies issued to Plaintiff by Defendant. Plaintiff seeks coverage (defense and indemnification) for claims of product liability made against it in a civil lawsuit pending in Texas. The Texas lawsuit seeks compensation for personal injuries (including some deaths) caused by Legionnaire's Disease contracted at a San Antonio Hospital. The lawsuit contends that the Legionnaire's Disease resulted from a water system problem and that Plaintiff's pumps failed due to manufacturing

and/or design defects. Both policies contain a so-called "biological agents" exclusion[1] upon which Defendant relied in denying coverage.

Plaintiff alleges a breach of the insurance contracts and seeks damages. It also seeks a declaratory judgment that there is coverage under the policies and Defendant has both a duty to defend and indemnify as it relates to the Texas litigation. Plaintiff's Complaint does not include a claim for insurer bad faith. Even if it did, insurer bad faith claims under Rhode Island law are generally severed from breach of insurance contract claims for purposes of discovery and trial. See Skaling v. Aetna Ins. Co., 799 A.2d 997 (R.I. 2002); and Bartlett v. John Hancock Mut. Life Ins. Co., 538 A.2d 997 (R.I. 1988).

**Discussion**

**A. Document Requests Nos. 5 and 13**

These requests seek documents relating to Defendant's reserves (No. 5) and its "potential financial exposure" (No. 13) in this case and others involving a denial of coverage based upon the biological agents exclusion. Plaintiff argues that these documents will shed light on Defendant's "internal assessment" of its position and may reveal a "lack of good faith." Document No. 13 at 6. Defendant responds that its state of mind is not in issue in this breach of contract case, and thus the documents sought are irrelevant.

I agree with Defendant on this point. This is a simple breach of insurance contract case and there is no bad faith claim. "Courts allowing discovery on loss reserves have based their

---

[1] The exclusion provides that the insurance does not apply to injury or damage "arising out of the actual, alleged or threatened contaminative, pathogenic, toxic or other hazardous properties of biological agents." "Biological agents" are defined to include any bacteria. Legionnaire's Disease is caused by a bacteria known as legionella.

reasoning in part on the duty owed to an insured by the insurance company that is the subject of the bad faith claim." Brand Mgmt, Inc. v. Maryland Cas. Co., No. 05-CV-02293, 2006 U.S. Dist. Lexis 40205 at *5 (D. Colo. June 15, 2006) (citations omitted). See also Culbertson v. Shelter Mut. Ins. Co., No. 97-1609, 1998 WL 743592 (E.D. La. Oct. 21, 1998) (following "line of cases which hold that reserve information is discoverable where a claim of bad faith is asserted"). Thus, Plaintiff's Motion is DENIED as to Document Requests Nos. 5 and 13.

**B. Document Requests Nos. 10, 11, 12 and 14**

These requests seek documents concerning the biological agents exclusion at issue in this case. In particular, they seek documents relating to the interpretation or application of the biological agents exclusion by Defendant in connection with other claims. Plaintiff contends that these documents are relevant "to examine whether [Defendant] has acted in a consistent manner in resolving claims where the same or similar policy language...was involved." Document No. 13 at 8. Defendant counters that it would be a "gargantuan task" to identify such documents since its claims data base is not searchable by policy exclusion.[2] In addition to undue burden, Defendant contends that it has produced documents from Plaintiff's file regarding the biological agents exclusion but documents regarding other insureds are irrelevant.

Under Fed. R. Civ. P. 26(b)(1), discovery is available of "any matter, not privileged, that is relevant to the claim or defense of any party." Relevant information need not be admissible at trial but must be reasonably calculated to lead to the discovery of admissible evidence.

[2] In support, Defendant has submitted Affidavits from Mr. Scott Langford, a Senior Litigation Examiner, and Mr. Timothy Diveley, a Claims Vice President.

Further, discovery may be limited if the Court determines that the burden of such discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii).

I agree with Defendant that documents regarding the claims of other insureds is not relevant in this case and, even if it was relevant, production would be disproportionately burdensome. As stated by the Court in Moses v. State Farm Mut. Auto. Ins. Co., 104 F.R.D. 55, 57 (N.D. Ga. 1984):

> The issues in this case are limited to [the insurer's] conduct regarding [the insured's] claim for insurance benefits and to the adequacy of [the insurer's] reasons for that conduct. [The insurer's] conduct regarding the insurance claims of others is of no consequence...."

See also Leksi, Inc. v. Fed. Ins. Co., 129 F.R.D. 99, 106 (D.N.J. 1989) (In insurance coverage dispute, Court held that files of other insureds was not discoverable due to its remote relevance and disproportionate burden of production.).

However, to the extent these requests seek documents regarding the drafting history of the biological agents exclusion, I agree with Plaintiff's argument as to relevancy, and Defendant has not made any supported counterveiling argument as to disproportionate burden. See Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co., No. 90 CIV. 7811, 1993 WL 437767 (S.D.N.Y. Oct. 26, 1993) (holding that drafting history of policy exclusion in issue is "reasonably calculated to lead to admissible evidence even if it may not ultimately be admissible at trial"); and Nestle Foods Corp. v. Aetna Cas. and Surety Co., 135 F.R.D. 101, 106 (D.N.J. 1990) (same).

Thus, Plaintiff's Motion is DENIED as to Document Requests Nos. 10, 11, 12 and 14 except that it is narrowly GRANTED as to any responsive documents regarding the drafting history of the biological agents exclusion.

**C. Document Requests Nos. 15, 16, 19 and 20**

These requests seek Defendant's internal underwriting and claims manuals. Plaintiff argues that these are routine, straightforward requests germane to the interpretation of the policies at issue and the biological agents exclusion. Defendant counters that Plaintiff is not entitled to discover this extrinsic evidence since it has failed to identify any ambiguity in the policies.

I agree with Plaintiff's position on this issue. Defendant's argument puts the cart before the horse. Plaintiff is not required at this stage to establish an ambiguity so that the documents sought would be admissible. Rather, it must show that the documents are relevant to a claim or defense and reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Plaintiff has done so. See, e.g., Champion Int'l Corp. v. Liberty Mut. Ins. Co., 129 F.R.D. 63, 67 (S.D.N.Y. 1989) (holding that claims manuals may be discoverable in an insurance coverage dispute). Thus, Plaintiff's Motion is GRANTED as to Document Request Nos. 15, 16, 19 and 20. Since these may be proprietary documents, Defendant may condition production on an appropriate confidentiality order.

**D. Document Requests Nos. 17 and 35**

Plaintiff seeks an organizational chart for Defendant's Underwriting and Claims Department (No. 17) and Defendant's document retention/destruction policies (No. 35). Plaintiff argues that these are standard requests and cites to supporting case law. In response, Defendant

offers a one paragraph conclusory argument as to the lack of relevancy and does not directly address the substance of Plaintiff's arguments or the cases it cites. Defendant has not properly supported its objections and thus Plaintiff's Motion is GRANTED as to Document Requests Nos. 17 and 35. See Nestle Foods Corp., 135 F.R.D. 101 at 104 ("[p]arty resisting discovery has the burden of clarifying, explaining and supporting its objections.").

**E. Interrogatory No. 6**

Plaintiff's Motion as to this Interrogatory is DENIED for the reasons set forth in Section B above.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion to Compel (Document No. 13) is GRANTED in part and DENIED in part as specified herein. Defendant shall produce the required responses within twenty days. LR Cv 37(b).

SO ORDERED.

ENTER:

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 30, 2007

/s/ Jeannine Noel
Jeannine Noel
Deputy Clerk