**SCHEDULE A**

**Definitions and Instructions**

1. Definitions

The following definitions apply to the document requests set forth below:

A. "Liberty" refers to third party Liberty Mutual Fire Insurance Co. including all of its present and former subsidiaries, affiliates, directors, officers, agents and employees or any person or entity acting or purporting to act on its behalf, including but not limited to consultants, financial advisors, accountants, brokers, attorneys, or any person acting in an advisory or consulting capacity unless specifically stated otherwise.

B. "HESCO" shall refer to Heat Energy Systems Company, Inc., d/b/a HESCO Industries, Inc., including all of its present and former subsidiaries, affiliates, directors, officers, agents and employees or any person or entity acting or purporting to act on its behalf, including but not limited to consultants, financial advisors, accountants, brokers, attorneys, or any person acting in an advisory or consulting capacity unless specifically stated otherwise.

C. The "Lawsuit" refers to the lawsuit commenced against HESCO captioned as *Alfred Evans, et al. v. Griffin & Company, et al.*, Cause No. 2006-CI-11755, pending in the 57th Judicial District Court of Bexar County, Texas.

D. "Communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise.

E. "Document" is used in the broadest sense permissible under the Federal Rules of Civil Procedure, and shall mean written or graphic matter or any other means of preserving thought or expression of every type and description, including but not limited to originals, drafts, computer-sorted and computer-retrievable information, copies or duplicates that are marked with any notation or annotation, copies or duplicates that differ in any way from the original, correspondence, memoranda, reports, notes, minutes, contracts, agreements, books, records, vouchers, invoices, purchase orders, ledgers, diaries, logs, calendar notes, computer print-outs, CDR's, computer disks and programs, price quotations, sales records, card files, price lists, press clippings, sworn or unsworn statements of employees, requisitions, purchasing manuals or guidelines, lists, audit workpapers, financial analysis, tables of organizations, advertisements or other promotional material, audited and unaudited financial statements, newspapers or newsletters, diagrams, photographs, and other writings or recordings. A draft or non-identical copy is a separate Document within the meaning of this term, and a "Document" also includes any removable "Post-it" notes or other attachments affixed to any of the foregoing.

F. "Concerning" means relating to, referring to, describing, indicating, evidencing or constituting in whole or in part.

G. The following rules of construction apply: The terms "all" or "each" shall be construed as "all" and "each." The connectives "and" and "or" shall be construed either

disjunctively or conjunctively as necessary to bring within he scope of the discovery request all responses that might otherwise be construed outside of its scope. The use of the singular form of any word includes the plural and vice versa.

H. Except where otherwise stated, the period of time covered by this request is from January 2005 to the date of production.

2. Instructions

A. If any requested document is withheld from production for any reason, furnish a list specifying, for each document; (i) the reason for which it is being withheld; (ii) its character (letter, memorandum, etc.); (iii) the name, position, and business affiliation of its author or authors; (iv) the name, position and business affiliation of each recipient of the document or a copy thereof; (v) the date on which it was written; (vi) its general subject matter; (vii) the specific request to which it is responsive; and (viii) its present custodian.

B. This request shall be continuing and defendant will supplement its responses within ten days of the receipt or identification of documents or things responsive to this request.

## Document Requests

1. All documents concerning the Lawsuit.

2. All documents concerning communications between Liberty and HESCO concerning the Lawsuit or insurance coverage relating to the Lawsuit.

3. All policies of insurance between Liberty, as insurer, and HESCO, as insured, for which HESCO has made a claim for insurance coverage as a result of the Lawsuit.

956975_1/2818-25