AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

TACO, INC.

V.

FEDERAL INSURANCE COMPANY

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-027-S

TO: Liberty Mutual Fire Insurance Company
175 Berkeley Street
Boston, MA 02116

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

✓ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Partridge Snow & Hahn LLP<br>180 South Main Street, Providence, RI 02903 | 1/10/2008 10:00 am |

✓ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A attached

| PLACE | DATE AND TIME |
|---|---|
| Partridge Snow & Hahn LLP<br>180 South Main Street, Providence, RI 02903 | 1/10/2008 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | 12/19/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Robert K. Taylor (#6514), Partridge Snow & Hahn LLP,
180 South Main Street, Providence, RI 02903 / (401) 861-8200

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

# SCHEDULE A

## Definitions and Instructions

1. Definitions

The following definitions apply to the document requests set forth below:

A. "Liberty" refers to third party Liberty Mutual Fire Insurance Co. including all of its present and former subsidiaries, affiliates, directors, officers, agents and employees or any person or entity acting or purporting to act on its behalf, including but not limited to consultants, financial advisors, accountants, brokers, attorneys, or any person acting in an advisory or consulting capacity unless specifically stated otherwise.

B. "HESCO" shall refer to Heat Energy Systems Company, Inc., d/b/a HESCO Industries, Inc., including all of its present and former subsidiaries, affiliates, directors, officers, agents and employees or any person or entity acting or purporting to act on its behalf, including but not limited to consultants, financial advisors, accountants, brokers, attorneys, or any person acting in an advisory or consulting capacity unless specifically stated otherwise.

C. The "Lawsuit" refers to the lawsuit commenced against HESCO captioned as *Alfred Evans, et al. v. Griffin & Company, et al.*, Cause No. 2006-CI-11755, pending in the 57th Judicial District Court of Bexar County, Texas.

D. "Communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise.

E. "Document" is used in the broadest sense permissible under the Federal Rules of Civil Procedure, and shall mean written or graphic matter or any other means of preserving thought or expression of every type and description, including but not limited to originals, drafts, computer-sorted and computer-retrievable information, copies or duplicates that are marked with any notation or annotation, copies or duplicates that differ in any way from the original, correspondence, memoranda, reports, notes, minutes, contracts, agreements, books, records, vouchers, invoices, purchase orders, ledgers, diaries, logs, calendar notes, computer print-outs, CDR's, computer disks and programs, price quotations, sales records, card files, price lists, press clippings, sworn or unsworn statements of employees, requisitions, purchasing manuals or guidelines, lists, audit workpapers, financial analysis, tables of organizations, advertisements or other promotional material, audited and unaudited financial statements, newspapers or newsletters, diagrams, photographs, and other writings or recordings. A draft or non-identical copy is a separate Document within the meaning of this term, and a "Document" also includes any removable "Post-it" notes or other attachments affixed to any of the foregoing.

F. "Concerning" means relating to, referring to, describing, indicating, evidencing or constituting in whole or in part.

G. The following rules of construction apply: The terms "all" or "each" shall be construed as "all" and "each." The connectives "and" and "or" shall be construed either

disjunctively or conjunctively as necessary to bring within he scope of the discovery request all responses that might otherwise be construed outside of its scope. The use of the singular form of any word includes the plural and vice versa.

H. Except where otherwise stated, the period of time covered by this request is from January 2005 to the date of production.

2. Instructions

A. If any requested document is withheld from production for any reason, furnish a list specifying, for each document; (i) the reason for which it is being withheld; (ii) its character (letter, memorandum, etc.); (iii) the name, position, and business affiliation of its author or authors; (iv) the name, position and business affiliation of each recipient of the document or a copy thereof; (v) the date on which it was written; (vi) its general subject matter; (vii) the specific request to which it is responsive; and (viii) its present custodian.

B. This request shall be continuing and defendant will supplement its responses within ten days of the receipt or identification of documents or things responsive to this request.

**Document Requests**

1. All documents concerning the Lawsuit.

2. All documents concerning communications between Liberty and HESCO concerning the Lawsuit or insurance coverage relating to the Lawsuit.

3. All policies of insurance between Liberty, as insurer, and HESCO, as insured, for which HESCO has made a claim for insurance coverage as a result of the Lawsuit.

956975_1/2818-25

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

**Suffolk County Sheriff's Department** • 151 Merrimac Street • Boston, MA 02114 • (617) 961-6999

*Suffolk, ss.*

January 2, 2008

I hereby certify and return that on 12/31/2007 at 10:10AM I served a true and attested copy of the Subpoena in this action in the following manner: To wit, by delivering in hand to Bruce Buttaro,Paralegal, agent and person in charge at the time of service for Liberty Mutual Fire Insurance Company, at , 175 Berkley Street, Boston, MA 02116. Witness Fee ($40.00), U.S. District Court Fee ($5.00), Basic Service Fee (IH) ($30.00), Travel ($1.00), Postage and Handling ($1.00), Attest/Copies ($5.00) Total Charges $82.00

Deputy Sheriff Ralph Kowalski

Deputy Sheriff

inspection, copying, testing, o[illegible] before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).