**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| TACO, INC., | : | |
| Plaintiff, | : | |
| v. | : | C.A. NO. 07-027 S |
| FEDERAL INSURANCE COMPANY, | : | |
| Defendant. | : | |

**MOTION FOR PROTECTIVE ORDER OR,**
**IN THE ALTERNATIVE, TO STAY DISCOVERY**

Defendant Federal Insurance Company ("Federal") hereby moves this Court for an Order precluding additional discovery in this litigation; or, in the alternative, staying discovery until a determination is made whether Federal owes Plaintiff Taco, Inc. a duty to defend under the applicable insurance policies. Federal submits the accompanying memorandum of law in support of this motion.

FEDERAL INSURANCE COMPANY,

By Its Attorneys,

/s/ Thomas C. Angelone
Thomas C. Angelone, Esq.
Bar ID No. 1373
Hodosh, Spinella & Angelone pc
One Turks Head Place, Suite 810
Providence, RI 02903
Phone: 401-274-0200
Fax: 401-274-7538
angelonelaw@aol.com

Of Counsel (Pro Hac Admission Pending)
Mark B. Seiger
Robert D. Laurie
Goldberg Segalla, LLP
65 Memorial Road / Suite 340
West Hartford, CT 06107
Phone: 860-231-7004
Fax: 860-231-1307
rlaurie@goldbergsegalla.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| TACO, INC., | : | |
| Plaintiff, | : | |
| v. | : | C.A. NO. 07-027 S |
| FEDERAL INSURANCE COMPANY, | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR PROTECTIVE ORDER OR, IN THE**
**ALTERNATIVE, TO STAY DISCOVERY**

This case concerns a single straightforward issue: Whether the Biological Agents Exclusion contained in the insurance policies issued by defendant Federal Insurance Company ("Federal") to plaintiff Taco, Inc ("Taco") precludes coverage for the allegations asserted against Taco in the lawsuit entitled *Alfred Evans, et al. v. Griffin & Company, et al.* (the "Lawsuit"). Under Rhode Island law, construing the terms of an insurance policy is a question of law to be decided by the Court. Accordingly, Rhode Island courts have ruled that discovery is not warranted in insurance coverage cases such as this.

Nevertheless, Plaintiff has conducted extensive discovery in this litigation in an effort to manufacture an ambiguity in the relevant policy language. In February, Federal changed counsel. Thereafter, Federal sought to limit, by agreement, the additional

discovery that Taco sought to complete. That agreement has apparently dissolved as Taco, at the proverbial eleventh hour, has unleashed a new round of unwarranted and irrelevant discovery demands.

Federal now seeks to preclude this additional discovery under the protection of Rhode Island's well established law. While Federal recognizes that its request is not prompt, it stresses the adage that "a mistake learned and corrected is better than a wrong forgotten." Further, Taco cannot reasonably deny that the additional discovery is a waste of time and resources as the information to be obtained is not relevant to the determination of this case.

Accordingly, Federal requests the Court to issue a Protective Order precluding Taco from conducting additional discovery or, in the alternative, an Order staying discovery until an initial determination is made concerning whether a duty to defend is owed by Federal.

## RELEVANT BACKGROUND

Taco commenced this action on January 22, 2007. (*See* Complaint, ¶¶ 1, 9). The genesis of this action concerned Federal's denial of Tacos' claim for defense and indemnity for the allegations raised in the Lawsuit.

The Lawsuit is currently pending in the 57th Judicial District of Boxer County, Texas. The Lawsuit arises from injuries or death "caused by Legionnaire's Disease contracted at the North Central Baptist Hospital located in San Antonio, Texas." (*See* Second Amended Original Petition, attached as *Exhibit A*, pp. 5-9). The plaintiffs in the Lawsuit allege, among other things, that the water system at the hospital failed to deliver water at temperatures sufficient to kill the bacterium that causes Legionnaires' Disease.

*Id.* pp. 12-13. The plaintiffs in that case also assert that "Legionnaires' Disease is the common form for an illness caused by the Legionella type of bacteria." *Id.* p. 9.

Taco is named as a defendant in the Lawsuit because it allegedly manufactured the water pumps installed in the water system of the hospital in question. *Id.* p. 15. The plaintiffs in the Lawsuit allege, among other things, "[f]urther, the pump manufactured by TACO, INC. failed due to a design defect in the pump itself. Further, the pump manufactured by TACO, INC. failed due to a manufacturing defect in the pump." *Id.*

Taco notified Federal of the Lawsuit and sought coverage for defense and indemnity under Commercial Liability Policy, no. 7317-97-52 ("Primary Policy") and Commercial Excess And Umbrella Liability Insurance Policy, no. 7968-72-08 ("Excess Policy") (collectively, the "Policies"). (Complaint, ¶¶ 9, 12). Thereafter, Federal sent a September 8, 2006 letter denying Taco's claim. (*See* September 8, 2006 letter, attached as *Exhibit B*). In the letter, Federal explained, among other things, that "while the injury and death claims fall within the coverage for **bodily injury** as defined in the policy, the Biological Agents Exclusion would preclude coverage from applying . . ." *Id.* (emphasis in original). Federal further explained that the Biological Agents Exclusion precludes coverage for:

> **bodily injury, property damage, advertising injury** or **personal injury** arising out of the actual, alleged or threatened contaminative, pathogenic, toxic or other hazardous properties of **biological agents**.

*Id.* (emphasis in original). "Biological agents" is defined to include, among other things, "bacteria." *Id.*

Taco commenced this action in response to Federal's denial of coverage. In its Complaint, Taco contends that "[t]he allegations asserted against Taco in the Lawsuit, the damages sought therein, and the sums expended to defend against liability therein are

covered by the Policies and are not subject to any exclusions in the Policies." (Complaint, ¶ 23). In Count I of the Complaint, Taco asserts that Federal has breached its obligations under the Policies. In Count II through IV, Taco seeks declarations from this Court that Federal: (i) is precluded from rescinding the Policies and must comply with their respective terms; (ii) is obligated under the Policies to defend Taco in the Lawsuit; and (iii) is obligated under the Policies to indemnify Taco for any liability arising from the Lawsuit.

Since commencing this action, Taco has engaged in significant discovery, including serving interrogatories; two sets of document requests; two sets of requests for admission; document subpoenas on two different non-party insurance companies; and seven deposition notices.

In February, Federal changed counsel. (*See* Affidavit of Robert D. Laurie, attached as *Exhibit C*, ¶ 3). At that time, Federal recognized that discovery in this case was not necessary, but considering the late stage of discovery it approached Taco in an effort to limit the scope of additional discovery. *Id.* ¶¶ 4, 5. In response, Taco agreed it would only conduct two of the seven depositions that it had noticed. *Id.* Since that time, however, Taco has sought the production of additional documents, issued a second set of requests for admission and requested the deposition of a third witness. *Id.* As explained in greater detail below, all of the information sought in discovery is irrelevant to the determination of coverage in this case.

Federal's counsel has discussed its objections with Taco's counsel but a further agreement could not be reached.

**ARGUMENT**

I. **Discovery Is Not Warranted In This Action**

This is a straightforward coverage action in which Taco seeks to establish that Federal owes a duty to defend and to indemnify against the allegations contained in the Lawsuit. The discovery that Taco seeks to conduct is not relevant to the determination of these issues. Indeed, pursuant to Rhode Island law, factual discovery is unwarranted in this type of action.

As an initial matter, under Rhode Island law, the duty to defend is broader than the duty to indemnify. *Employers Mut. Cas. Co. v. PIC Contractors, Inc.*, 24 F. Supp.2d 212, 215 (D.R.I. 1998). Accordingly, the first inquiry to be determined by the Court on summary judgment is whether Federal owes Taco a defense under the Policies for the allegations asserted in the Lawsuit. If the Court ultimately determines that no such duty exists, then this litigation is effectively resolved.

In Rhode Island, it is well established that in determining whether a duty to defend exists, there is no need to consider and resolve any factual issues. To the contrary, Rhode Island courts apply the "pleadings test" in determining whether a duty to defend exists. *Id.* Under the pleadings test:

> the determination involves 'nothing more than comparing the allegations in the complaint with the terms of the policy. If the facts alleged in the complaint fall within the risks covered by the policy, the insurer is obligated to defend. Otherwise it is not.'"

*Employers Mut. Cas. Co.*, 24 F. Supp.2d at 215 (*quoting Aetna Cas. & Sur. Co. v. Kelly*, 889 F. Supp. 535, 541 (D.R.I. 1995) (*citing Flori v. Allstate Ins. Co.*, 388 A.2d 25 (R.I. 1978). Indeed, in *Emhart Industries Inc. v. Home Insurance Company et al.*, this Court

recognized the application of the "pleadings test" in an insurance coverage determination case, and acknowledged that "Rhode Island courts generally (with one narrow exception) condemn the use of extrinsic facts in determining the scope of an insurer's duty to defend." 515 F.Supp.2d 228, 239-40 (D.R.I. 2007),

Unlike the duty to defend, there are circumstances where a court may consider factual issues in determining whether an insurer owes a duty to indemnify under a policy. *See Employers Mut. Cas. Co.*, 24 F.Supp.2d at 217 (recognizing that, in certain circumstances, the duty to indemnify may rest on the determination of factual issues). Here, however, the only determination to be made is whether the Biological Agents Exclusion applies. In making this determination, it is not necessary for the Court to consider extrinsic facts. *See Anglo American Ins. Co. Ltd. v. Shooters at India Point, Inc.*, 959 F. Supp. 115, 117-118 (D.R.I. 1997) (acknowledging that "construing the terms of an insurance policy is a matter of law").

As a result, Rhode Island courts have precluded fact discovery in coverage actions such as this one. For example, in *Narragansett Jewelry Company Inc. v. St. Paul Fire & Marine Insurance Company*, R.I. Dist. Ct. (2007) Torres, J., the court precluded plaintiff from conducting fact discovery because the information sought was irrelevant to the determination of whether the defendant insurer owed a duty to defend and indemnify. In that case, the plaintiff argued, among other things, that discovery was necessary "to reveal that the language of the policy and policy exclusions are so ambiguous and misleading causing a reasonable purchaser . . . to be misled as to what has actually been purchased." *Id.* The court rejected this argument, reasoning that the question of "whether a policy is ambiguous will be determined by an examination of that document." *Id.*

Similarly, there is no information that Taco can obtain in response to its pending discovery requests that is relevant to the issue of whether coverage exists under the Policies. This is not a circumstance where the applicability of the relevant exclusion requires a factual determination. To the contrary, as explained above, the complaint in the Lawsuit alleges the injuries and deaths for which Taco seeks coverage were caused by the "common form for an illness caused by the Legionella type of bacteria." (*Exhibit A*, p. 9). As "**biological agents**" is defined in the Policies to include "bacteria," the only question before this Court is whether the terms of the Policies are clear and unambiguous.

Accordingly, Federal requests the Court issue a Protective Order precluding additional discovery in this action. In the alternative, in the event Taco articulates a basis on which additional fact discovery should be allowed, Federal requests the Court stay discovery pending a determination of whether a duty to defend exists under the Policy for the allegations contained in the Lawsuit - - a determination which may effectively terminate this action.

**II. Federal Is Not Precluded From Obtaining the Requested Relief**

Federal acknowledges that it erred by not seeking to preclude discovery at the outset of this litigation. Federal's mistake, however, does not obviate the fact that discovery is unwarranted in this action, pursuant to Rhode Island law. Indeed, simply because the parties have conducted discovery for ten months will not make the information obtained in Taco's pending discovery requests relevant in this case.

To allow additional discovery would not advance this litigation and would be a colossal waste of the parties' and this Court's time and resources. For example, Taco

recently served its Second Set of Requests for Admission, which contains twenty-six separate requests. (*See* Plaintiffs' Second Requests for Admission, attached as *Exhibit E*). Each request concerns either a regulatory submission made by Federal in a state other than Rhode Island and/or a different version of the Biological Agents Exclusion. To respond to these requests will, at a minimum, require Federal to search for, retrieve and review all of the referenced submissions. Even if each of these requests is admitted by Federal, the "admissions" will have no bearing on the determination to be made by this Court. The same holds true for the depositions that Taco seeks to complete which include, among other persons: (i) the underwriter of the Policies; (ii) a representative of Federal with knowledge concerning the drafting history of the Biological Agents Exclusion; and (iii) a representative with knowledge concerning Federal regulatory submissions in Rhode Island and other states. (*See* Plaintiffs' Deposition Notices, attached as *Exhibit F*).

Further, compliance with previous discovery responses did not waive Federal's right to limit unwarranted discovery demands that will not lead to the discovery of relevant evidence. This Court should not interpret compliance with previous discovery demands as a blanket waiver of its right to limit future unwarranted and immaterial discovery.

**CONCLUSION**

For the reasons state above, Federal requests that the Court grant this Motion and issue an Order precluding additional discovery in this litigation; or, in the alternative, staying discovery until a determination is made whether Federal owes a duty to defend Taco against the allegations contained in the Lawsuit.

DATED: April 3, 2008

FEDERAL INSURANCE COMPANY,

By Its Attorneys,

/s/ Thomas C. Angelone

Thomas C. Angelone, Esq.
Bar ID No. 1373
Hodosh Spinella & Angelone pc
One Turks Head Place, Suite 810
Providence, RI 02903
Phone: 401-274 0200
Fax: 401-274-7538
angelonelaw@aol.com

Of Counsel (Pro Hac Admission Pending):

Mark B. Seiger
Robert D. Laurie
Goldberg Segalla, LLP
Blue Back Square
65 Memorial Road / Suite 340
West Hartford, CT 06107
Phone: 860.231.7004
Fax: 860.231.1307
rlaurie@goldbergsegalla.com

CERTIFICATION

I hereby certify that on this 3rd day of April, 2008, I caused a copy of the within Motion for Protective Order and Memorandum in Support to be electronically transmitted to the following attorney(s) of record:

Robert K. Taylor, Esq.
rkt@psh.com

Carolyn P. Medina, Esq.
cpm@psh.com, pds@psh.com

Edward P. Gilbert, Esq.
egilbert@morrisoncohen.com

Gerald C. DeMaria, Esq.
gdemaria@hcc-law.com

/s/ Thomas C. Angelone